Jacob Ark, J.
This is a motion iby the defendant for an order dismissing the plaintiff’s complaint, directing a summary judg *438 ment in Ms favor on the cause of action set forth in his counterclaim, and dismissing the plaintiff’s reply thereto.
The complaint alleges causes of action for libel and malicious prosecution arising out of the dismissal of a proceeding instituted by the defendant against the plaintiff under article 15 of the Executive Law (§§ ¿90-301) The Human Rights Law.
On April 23, 1973 the defendant filed a verified complaint with the State Division of Human Rights in which he alleged that he was a black man and that the plaintiff, who operated a tavern, a place of public accommodation, denied him equal treatment by reason of his race and color, and thereby engaged in an unlawful discriminatory practice (Executive Law, § 295, subd. 2). A hearing was held by the Division of Human Rights of the Executive Department which determined on May 18, 1973 that there was no probable cause to believe that the plaintiff engaged in or was engaging in the unlawful discriminatory practice complained of and dismissed the complaint. By summons dated June 20, 1973 the plaintiff commenced this action.
The only ground upon which the causes of action alleged in the complaint are based is the contents of the complaint filed by the defendant with the State Division of Human Rights. The bringing of this lawsuit against the defendant on that ground constituted an unlawful discriminatory practice on the plaintiff’s part. Subdivision 7 of section 296 provides: “ It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article or because he has filed a complaint, testified or assisted in any proceeding under this article.”
The provisions of the Human Rights Law are not self-executing. If tMs legislation is to be meaningful, a person claiming to be aggrieved by an unlawful discriminatory practice must be in a position to initiate a proceeding without fear that he is embarking upon a perilous course should his complaint not be sustained. Since the plaintiff’s lawsuit is bottomed on an act pronounced to be wrong by statute, it cannot survive the defendant’s motion for dismissal.
The plaintiff’s claim that the counterclaim should be dismissed on the ground that the defendant has not exhausted the procedures provided for under the Human Rights Law is without merit. Subdivision 9 of section 297 provides for an election of remedies to a person claiming to be aggrieved by an unlawful discriminatory practice. He may either commence an action *439 for damages or file a complaint under the statute. The defendant has elected to pursue a cause of action ¡by alleging a counterclaim. Section 300 bars a cause of action only when a procedure is pending before the State Commission of Human Rights. It is then that such procedure is the exclusive remedy. (Gaynor v. Rockefeller, 21 A D 2d 92, 97, affd. 15 N Y 2d 120.)
The defendant is entitled to a judgment on his counterclaim and an order dismissing the complaint and the reply. The amount or extent of the defendant’s damages is to be tried before the court and a jury at the next term of court.