David O. Boehm, J.
This is a motion brought by respon *17 dents by order to show cause, dated March 19, 1976 to dismiss proceedings presently pending before the New York State Division of Human Rights, hereinafter "division”, on the ground that the division is divested of jurisdiction because the complainants also commenced an action upon the same grounds of employment discrimination in the United States District Court for the Western District of New York.
Complainant Gill first filed his complaint of employment discrimination with the division on September 28, 1973 and filed an amendment thereto on September 29, 1975. Complainant Zieglar filed his complaint with the division on September 28, 1973 and amended it on September 29, 1975. Complainant Fitzhugh filed her present charges against the respondents on August 23, 1973 and filed additional charges with the division on August 30, 1974. The division, after investigation, on April 24, 1975 found probable cause for the complaints.
Thereafter, complainants, with other individuals, commenced a class action in Federal court seeking injunctive relief, declaratory judgment and money damages based upon a claimed violation of their rights under the United States Constitution and title VII of the Civil Rights Act of 1964 (US Code, tit 42, § 2000a et seq.).
Before bringing this motion, an application to dismiss was made by respondents to the division hearing officer by letter on December 22, 1975 and again to him orally on February 24, 1976 without success.
Complainants, by cross motion, seek an order dismissing respondents’ application and enforcing a prior order compelling compliance with their subpoenas duces tecum.
The respondents argue that the proceeding pending before the division must be dismissed because the Executive Law upon which it is based bars a complainant from commencing another action relating to the same grievance, citing Gaynor v Rockefeller (15 NY2d 120) and Moran v Simpson (80 Misc 2d 437).
Section 300 of the Executive Law provides: "If such individual institutes any action based on such grievance without resorting to the procedure provided in this article, he may not subsequently resort to the procedure herein.”
Although this section provides an exclusive remedy, it does not prevent the simultaneous commencement of one proceeding before the State division and another in Federal court. As *18 Justice Ark pointed out in Moran v Simpson (supra) all that section 300 mandates is that a complainant must either commence an action for damages in State Supreme Court or file a complaint with the division; both may not be done at the same time. However, it is significant that he granted judgment on the counterclaim for money damages under the Human Rights Law after the complainant had unsuccessfully sought the same relief in administrative proceedings before the division. Nor does Gaynor v Rockefeller (15 NY2d 120, supra) support the position of the respondents because the complainants here are doing the very thing urged by the Court of Appeals in that case by having filed their charges with the division under the State Human Rights Law (Executive Law, §§ 290-301) before instituting an action in State court.
It appears that the recourse of the respondents, after having failed to obtain the dismissal of the complaints before the division, would be to appeal to the State Human Rights Appeal Board after final determination in the division and, thereafter, seek review in an article 78 proceeding before the Appellate Division (Executive Law, §§ 297-a, 298).
As the complainants correctly argue, the State and Federal laws relating to employment discrimination permit the simultaneous coexistence of such claims in both State and Federal forums. There is a 60-day administrative referral to the division of charges filed with the Federal Equal Employment Opportunity Commission, hereinafter "commission”, when an employment discrimination claim is filed in a jurisdiction, such as New York, which also has a State agency created to deal with employment discrimination (US Code, tit 42, § 2000e-5, subd [c]). Thereafter, the commission assumes jurisdiction. Regardless of the 60-day deferral, it may commence judicial action for immediate temporary or preliminary relief (29 CFR 1601.12 [d]). The commencement of a Federal action terminates the conciliation and administrative proceeding (US Code, tit 42, § 2000e-5, subd [c]).
By a memorandum of understanding executed between the division and the commission in 1972, the division is obliged to inform the complainant who files a charge with it of his rights under Federal law and the division is constituted a filing agent by the commission. Thus, filing a charge with the division constitutes filing with the commission at the expiration of the period of deference.
*19 Both agencies recognize that the same or related charges may be pending before the division and the commission at the same time. The memorandum further provides that although the commission will promptly process the charge where the charging party wishes to assert his Federal rights or where the interest of effective enforcement of title VII requires it "such procedures in no way shall detract from the responsibility of the [division] under State law.”
It is apparent, therefore, that there may be concurrent jurisdiction between the division and the commission. Accordingly, the filing of a complaint in the division and the commencement of an action in Federal court does not "oust” either from jurisdiction, particularly because one is based upon a State remedy (Executive Law) and the other upon a Federal remedy (tit VII). As the complainants correctly argue, there is no requirement in law to elect between the State remedy and Federal remedy.
In Alexander v Gardner-Denver Co. (415 US 36) the United States Supreme Court specifically pointed out that there was no election of remedies by filing in a State system first and then in a Federal system, recognizing the overlapping forums of both systems to prevent discrimination (see, also, Voutsis v Union Carbide Corp., 452 F2d 889, cert den 406 US 918).
As both courts pointed out, dual or overlapping remedies were contemplated and expressly intended by Congress in title VII.
And, in Matter of Trustees of Columbia Univ. v Sable (Sup Ct, NY County, Oct. 4, 1974) Justice Mangan held there is no "legal impediment to the simultaneous prosecution of both proceedings”.
Indeed, it has been held that other administrative proceedings do not deprive the division of jurisdiction (Neidich v State Comm. for Human Rights, 53 Misc 2d 984).
There is, further, a strong constitutional question as to whether the State could constitutionally control rights provided by the Federal law in a Federal court and, similarly, whether rights provided under State law could be limited by the Federal Government in a State court.
Since this motion was brought, the action pending in Federal court was dismissed upon a number of grounds, specifically, failure to state a cause of action, lack of standing, Statute of Limitations expiration and failure to include cer *20 tain agencies as indispensable defendants (Gill v Monroe County Dept. of Social Servs, Civ No. 75-520, April 21, 1976).
The respondents in a supplemental memorandum argue that the dismissal of the action in Federal court is res judicata requiring the dismissal of the proceeding before the division as well, laying heavy emphasis upon Judge Friendly’s work (Federal Jurisdiction: A General View, Col Univ Press, 1973) in support of their position. A reading of Judge Friendly’s excellent exposition does not compel such a result. What respondents overlook is that we are not here dealing solely with remedies available under title VII, but with a separate proceeding brought before a State administrative agency to enforce a State remedy under State law. Thus, their argument with respect to the constitutional supremacy clause is inapplicable.
Also, under these circumstances, neither res judicata nor collateral estoppel applies (see Neidich v State Comm. for Human Rights, 53 Misc 2d 984, supra). As previously noted, Moran v Simpson (80 Misc 2d 437, supra) held that even an unsuccessful application under the State law before the State agency designated to investigate and hear complaints brought thereunder would not bar a subsequent action in State court to recover money damages for the same violation.
The United States Supreme Court in Alexander v Gardner-Denver Co. (415 US 36, 51, n 14, supra) pointed out that multiple forum litigation does not involve a problem of unjust enrichment because windfall gains can be avoided by the nature of the relief granted.
At argument, the possibility of double jeopardy was raised but it would not operate here as a bar either (see Matter of Kessler v Sherman, 51 AD2d 52; People v Lynch, 52 AD2d 1066; Neidich v State Comm. for Human Rights, supra).
Because the question has not been raised, no determination is made regarding the effect, if any, of the Statute of Limitations (State Div. of Human Rights v University of Rochester, 53 AD2d 1020).
The motion of the respondents is denied and the cross motion of the complainants for an order compelling compliance with their subpoenas duces tecum is referred to Justice Patlow who issued the original order with respect to the same (but, see, State Div. of Human Rights v University of Rochester, supra).