EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

VIRGINIA CAROLINA VENEER
CORPORATION, Defendant.

Helen W. CASSIDY, Plaintiff,

v.

VIRGINIA CAROLINA VENEER
CORPORATION, Defendant.

Civ. A. Nos. 80–0088(D), 80–0015(D).

United States District Court,
W. D. Virginia.

Aug. 14, 1980.

Marcia E. Bove, Trial Counsel, Baltimore, Md., for plaintiff in 80–88.

Robert L. Morrison, Jr., Danville, Va., for plaintiff in 80–15.

Gary L. Bengston, Danville, Va., for defendants in both 80–88 and 80–15.

## MEMORANDUM OPINION

TURK, Chief Judge.

### I. INTRODUCTION

Plaintiff, Equal Employment Opportunity Commission ("The Commission") filed its complaint in this action on May 30, 1980, under Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) (Supp. V, 1975) ("Title VII" or "The Act") which authorize suit by the Commission in federal court for violation of Title VII.[1] The complaint alleges that defendant, Virginia Carolina Veneer Corporation, violated Section 704(a) of Title VII, 42 U.S.C. § 2000e–3(a),[2]

---

1. Plaintiff initially filed *Equal Employment Opportunity Commission v. Virginia Carolina Veneer Corporation*, Civil Action No. 80–0029(D) on February 26, 1980, under Section 706(f)(2) of Title VII, 42 U.S.C. § 2000e–5(f)(2), which authorizes preliminary injunctive relief pending final administrative disposition of the discrimination charge on which the preliminary relief is sought. The Commission completed its administrative processing of the discrimination charge on which the Commission's petition for preliminary relief was based; therefore, Civil Action No. 80–0029(D) was technically moot. Accordingly, the Commission moved for a dismissal, pursuant to Rule 41. The court by order entered August 11, 1980 granted the Commission's motion.

2. 42 U.S.C. § 2000e–3(a) reads, in pertinent part:

It shall be an unlawful employment practice for an employer to discriminate against any of his

which prohibits an employer from retaliating against an employee for filing a charge, by having filed a state court defamation action against Helen Cassidy for filing an employment discrimination charge with the Commission against defendant. Mrs. Cassidy has become a party to this suit by the consolidation of her suit styled *Helen W. Cassidy v. Virginia Carolina Veneer Corporation*, Civil Action No. 80–0015(D) with the Commission's suit styled *Equal Employment Opportunity Commission v. Virginia Carolina Veneer Corporation*, Civil Action No. 80–0088(D).

The Commission has filed a motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment. The issues have been briefed and argued by counsel, and the matter is now ripe for disposition.

## II.  STATEMENT OF FACTS

On October 29, 1979, the Norfolk area office of the Commission received an employment discrimination complaint on a Department of Labor form, dated October 2, 1979, and signed, under penalty of perjury, by Mrs. Helen W. Cassidy. The complaint on its face was addressed to Ms. Dorothy Mead, District Director, Baltimore District Office; it was initially received by the Baltimore District Office on October 5, 1979. Mrs. Cassidy alleged that she had been discharged on the basis of sex by defendant, for whom she had worked for four years. Defendant was served by registered mail, with a copy of the original charge written on the Department of Labor form.

On December 22, 1979, in accordance with the Commission procedural regulations,

Mrs. Cassidy signed, under penalty of perjury, an official Commission charge form which amended her original charge. This amended charge was accordingly served on the defendant. Thereafter, in accordance with standard processing procedure, the Commission sent a letter, dated January 3, 1980, to the charging party and defendant scheduling a fact finding conference for February 5, 1980.

In a letter dated January 11, 1980, defendant advised the Commission that despite the defendant's "anger" at Mrs. Cassidy's charge, the defendant would "cooperate fully" with the Commission in order to quickly resolve the charge. Despite having agreed to fully cooperate, on January 9, 1980, two days before the letter was written, the defendant filed a defamation action against Mrs. Cassidy in Virginia State Court claiming damages of $50,000 ($40,000 punitive damages and $10,000 actual damages).[3]

The defamation action alleged that Mrs. Cassidy had defamed defendant by making "certain written allegations . . . that she had been discriminated against by Virginia Carolina Veneer Corporation because of her sex" to the United States Department of Labor, Employment Standards Administration, and to the Equal Employment Opportunity Commission.[4] No other defamatory writings, statements or actions were alleged in defendant's state court action. Defendant has not alleged any other basis for its state court suit.

After being served with defendant's defamation action, Mrs. Cassidy filed a retaliation charge against the defendant on January 28, 1980, alleging that the defendant's

employees . . . because he has made a charge, . . . under this subchapter.

3. Defendant's motion for judgment styled *Virginia Carolina Veneer Corporation v. Helen W. Cassidy*, Action No. 80–2, was filed in the Circuit Court of the City of Danville, Virginia.

4. Presumably, defendant's assertion regarding "written allegations" made to the Department of Labor, Employment Standards Administration, refers to Mrs. Cassidy's original charge made on a Department of Labor employment discrimination charge form, dated October 2,

1979, which was addressed to the Commission. As stated above, the Commission served defendant with a copy of that charge on December 20, 1979.

Under a Memorandum of Understanding between the Department of Labor and the Commission, employment discrimination charges filed with the Department of Labor are deemed charges when filed with the Commission (39 Fed.Reg. 35855) (Sept. 11, 1974). *cf. Burgett v. Cudahy Co.*, 361 F.Supp. 617 (D.Kan.1973).

state court defamation suit was filed in retaliation for her having made a charge of discrimination to the Commission. The Commission had previously advised defendant that Section 704(a) of Title VII, 42 U.S.C. § 2000e–3(a), prohibited an employer from retaliating against an employee for having "made a charge" of discrimination in a notice which accompanied both the service of the original charge on December 20, 1979, and the amended charge on December 27, 1979.

## III. MERITS OF PLAINTIFF'S CLAIMS

The court notes that it is well established in the Fourth Circuit that a summary judgment should be granted if there is no genuine issue as to any material fact or any inference which may be drawn from any material fact. *American Fidelity and Casualty Co. v. London and Edinburgh Insurance Co.*, 354 F.2d 214, 216 (4th Cir., 1965); *Butler v. Cooper*, 554 F.2d 645, 647 (4th Cir., 1977).

■ It appears to the court that none of the facts relevant to the disposition of this action are in dispute. The pleadings indicate that on October 5, 1979, Helen W. Cassidy filed a charge of sex discrimination with the Commission against defendant. Defendant was served with the charge on December 20, 1979. On January 9, 1980, defendant sued Mrs. Cassidy in Virginia State Court for $50,000 in damages, including a specific prayer for $40,000 in punitive damages. The sole allegation in defendant's state court defamation complaint was that Mrs. Cassidy defamed defendant by making "certain written allegations . . that she had been discriminated against by Virginia Carolina Veneer Corporation because of her sex" to the United States Department of Labor, Employment Standards Administration, and to the Equal Employment Opportunity Commission. No other defamatory writings, statements or actions were alleged in defendant's state court action. This allegation in defendant's pleading clearly constitutes an admission of a retaliatory motive.[5] Consequently, there exist no material facts at issue in this action.

The court now turns to the purely legal question of whether defendant's state defamation action against the charging party, based solely on Mrs. Cassidy's employment discrimination charge, violates Section 704(a) of Title VII. The court now finds that defendant's actions clearly violate the participation clause of Section 704(a) of the Act.

■ There exist an absolute privilege for the filing of a discrimination charge. Such absolute privilege is required to ensure the policy of nondiscrimination under Title VII. Congress specifically prohibited employment discrimination on the basis of race, color, religion, sex and national origin in Section 703 of Title VII, 42 U.S.C. § 2000e–2(a) (Supp. V, 1975). It granted a "person claiming to be aggrieved" the right to file a charge under Section .706(b), 42 U.S.C. § 2000e–5(b). A charge is required to initiate the enforcement of Title VII. Therefore, the charge process is the lifeblood of Title VII, just as it is under the National Labor Relations Act ("NLRA") on which Title VII was modeled. To insure uninhibited access to Title VII's enforcement mechanism, Congress included Section 704(a) in the Act prohibiting employer retaliation in any form against an employee who "has made a charge . . . or has participated in any manner in a . . . proceeding, or hearing under this [Title]."[6]

---

5. A pleading prepared by an attorney is an admission by one presumed to speak for his principal. *Kunglig Jarnvagssty Relsen v. Dexter and Carpenter*, 32 F.2d 195, 198 (2nd Cir., 1929) (DICTA); *Wiedersum Associates v. National Homes Construction*, 540 F.2d 62, 65 (2nd Cir., 1976), and Rule 56(c) of the Fed.R. of Civ.P. specifically permits the court to consider any "admission on file."

6. Section 704(a) has been interpreted to cover former employees. *Pantchenko v. C. B. Dolge Co., Inc.*, 581 F.2d 1052, 1055 (2d Cir., 1978) (a more "narrow construction would not give effect to the statute's purpose, which is to furnish a remedy against an employer's use of discrimination in connection with a prospective, present or past employment relationship . . . ."). *Rutherford v. American Bank of*

The courts have been most vigilant in maintaining the "policy of keeping people completely free from coercion in making complaints" that initiate agency proceedings. *NLRB v. Industrial Union of Marine and Ship Workers,* 391 U.S. 418, 424, 88 S.Ct. 1717, 1721, 20 L.Ed.2d 706 (1968), Quoting *Nash v. Florida Industrial Commission,* 389 U.S. 235, 240, 88 S.Ct. 362, 366, 19 L.Ed.2d 438 (1967); *EEOC v. Kallir, Philips, Ross, Inc.,* 401 F.Supp. 66, 72 (S.D.N.Y. 1975), *aff'd. on basis of lower court opinion,* 559 F.2d 1203, *cert. denied,* 434 U.S. 920, 98 S.Ct. 395, 54 L.Ed.2d 277 (1977) (Title VII). See *Pettway v. American Cast Iron Pipe Co.,* 411 F.2d 998, 1003–1005 (5th Cir., 1969) (Title VII). The importance of maintaining free access to the Commission is so great that the truth or falsity of a charge, may not be considered in providing protection to a person for filing a charge. The Ninth Circuit, in *Sias v. City Demonstration Agency,* 588 F.2d 692, 695 (9th Cir., 1978), found that:

> The purpose of the latter [the participation clause] in Section 704(a), prohibiting, among other things, retaliation for making a charge] is to protect the employee who utilizes the tools provided by Congress to protect his rights. If the availability of that protection were to turn on whether the employees charge were ultimately found to be meritorious, resort to the remedies provided by the Act would be severely chilled.

Additionally, courts have held that Section 2000e–3(a) of Title 42 U.S.C. protects employees from employer retaliation for filing complaints with the Commission, even if the charges alleged are false or malicious. *Pettway v. American Cast Iron Pipe Co.,* 411 F.2d 998 (5th Cir., 1969). As was held in *Cooper v. Pic–Walsh Freight Co.,* 19 E.P.D. 8994 (E.D. Mo. January 23, 1976):

To entertain claims in the nature of malicious prosecution for the filing of a single Title VII complaint would seriously undermine the clear policy of Section 2000e–3(a) to protect an employee who utilizes the procedures provided by Congress for the vindication of his right to be free from unlawful discrimination in employment.

The federal courts have also found an absolute privilege against defamation or other torts resulting from exercising a right granted by federal law like the filing of a charge of discrimination. *See General Motors v. Mendicki,* 367 F.2d 66, 70–72 (10th Cir., 1966) (where an alleged slander based on a statement made by a company representative during a grievance proceeding, a procedure established under the labor laws to adjust claims, was found to be absolutely privileged although not true); *Macy v. Trans World Airlines, Inc.,* 381 F.Supp. 142, 148 (D.Md.1974) (where the court dismissed an employee's defamation action based on a libelous discharge letter issued pursuant to contract procedures established in accordance with the Railway Labor Act).[7]

In conclusion the court finds section 704(a) "protects employees from employer retaliation for filing complaints with the EEOC, even if the charges alleged are false and malicious"; and that defendant's action in filing the state court defamation action was unquestionably retaliatory in nature. Accordingly, the court now finds that the plaintiff is entitled to summary judgment as a matter of law. Consequently, the court will enter an appropriate order granting plaintiffs' motions for summary judgment, attorneys fees and cost. *See Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1977).

*Commerce,* 565 F.2d 1162, 1165 (10th Cir., 1977) (same).

7. Essentially the same rationale was employed in the state court action of *Moran v. Simpson,* 80 Misc.2d 437, 362 N.Y.S.2d 666 (S.Ct.1974). There the court dismissed a defamation action against a black man who had filed a charge with the New York Division of Human Rights which the Division had dismissed for no cause. The court, interpreting a statute virtually identical to Section 704(a), said that since Charging Party had engaged in protected activity and "the plaintiff's lawsuit is bottomed on an act pronounced to be wrong by statute, it cannot survive the defendant's motion for dismissal." (*Id.* at 668).

Additionally, the defendant will be directed to take a nonsuit of its state defamation action.