EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

and

Teri Berk, Plaintiff-Intervenor,

v.

LEVI STRAUSS & COMPANY and Carl Von Buskirk, Defendants.

No. 81 C 2705.

United States District Court, N. D. Illinois, E. D.

June 4, 1981.

John C. Hendrickson, Thomas P. Stillman, Richard Sutter, Chicago, Ill., for E. E. O. C.

Elaine S. Fox of Hirsh & Schwartzman, Chicago, Ill., for Teri Berk.

Jill Wine-Banks, Joan B. Gottschall, Karen B. Bragman and Bradford P. Lyerla of Jenner & Block, Chicago, Ill., for Levi Strauss & Co.

Lawrence Jay Weiner, Fredric Bryan Lesser and Arthur Rosenblum, Chicago, Ill., for Von Buskirk.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Currently pending before the court are the motions of defendants Levi Strauss & Company ("Levi Strauss") and Carl Von Buskirk ("Von Buskirk"), to dismiss the complaint filed by the Equal Employment Opportunity Commission ("EEOC" or "Commission"). The EEOC seeks an injunction barring the prosecution of a state court action by Von Buskirk against Teri Berk, the plaintiff-intervenor, for slander and defamation. This state court action is a response to charges filed by Ms. Berk with the EEOC alleging that the defendants discriminated against her on the basis of her sex. More specifically, Ms. Berk complained to the Commission that she was discharged by Levi Strauss because she rejected the sexual advances of Mr. Von Buskirk, her supervisor at the company. The EEOC charges here that the filing of the state court defamation action, with the implicit approval of Levi Strauss, violates the anti-retaliation provisions of § 704(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a). For the reasons set

forth below, Levi Strauss' motion to dismiss is granted and Von Buskirk's motion to dismiss is denied.

■ Because the company's motion to dismiss may be resolved rather easily it is considered first. Stated simply, the EEOC has made no demonstration that Levi Strauss' presence in this litigation is necessary to enable the court to afford all of the requested relief. The complaint, as alleged, states that Von Buskirk and not Levi Strauss filed the state court action, with its attendant chilling effect on EEOC claimants. In this regard, an order enjoining Von Buskirk alone from proceeding in state court would remedy the situation from the Commission's view. An order against Levi Strauss would achieve nothing since it is not a party to the defamation case. In these circumstances, EEOC cannot plausibly contend that failure to grant injunctive relief against Levi Strauss would cause irreparable harm. Accordingly, Levi Strauss is dismissed.

Von Buskirk's motion raises more substantial and difficult claims than those addressed above. He argues that: (1) this court is prohibited from enjoining his state court action by the Anti-Injunction Statute, 28 U.S.C. § 2283; (2) that the court should abstain from exercising its discretion to enjoin the state court proceedings under the principles articulated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny; and (3) that as a substantive matter, state actions for defamation are not enjoinable under the authority of § 704(a) of Title VII. These contentions are dealt with *in seriatim* below.

■ Despite its apparent facial applicability, the Anti-Injunction Act does not preclude an injunction under the circumstances presented here. 28 U.S.C. § 2283 provides as follows:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

In addition to the express exceptions carved out in the statute is another "more recently developed," which "permits a federal injunction of state court proceedings when the plaintiff in the federal court is the United States itself, or a federal agency asserting 'superior federal interest.'" *Mitchum v. Foster*, 407 U.S. 225, 235–236, 92 S.Ct. 2151, 2158–2159, 32 L.Ed.2d 705 (1971); *Leiter Minerals Inc. v. United States*, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957). Accordingly, under this exemption, the Act drops from consideration here.

Moreover, even if the exception for federal government plaintiffs were not available, this court has severe doubts that the Anti-Injunction Act would have a preclusive effect. Rather, an exception to the reach of the Act, analogous to that articulated in *Mitchum v. Foster, supra*, would apply. In *Mitchum*, the Court addressed the question of whether 42 U.S.C. § 1983 was among those federal statutes which "expressly authorized" injunctions of state proceedings. In determining that § 1983 was within the exception to § 2283, the Court commented:

... [I]t is clear that, in order to qualify as an 'expressly authorized' exception to the anti-injunction statute, an Act of Congress must have created a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding. ... The test, rather, is whether an Act of Congress, clearly creating a federal right or remedy, could be given its intended scope only by the stay or a state court proceeding.

*Mitchum v. Foster*, 407 U.S. at 237–238, 92 S.Ct. at 2159–2160.

■ It is beyond cavil that § 704(a) of Title VII creates a "uniquely federal right or remedy enforceable in a federal court of equity", thereby meeting the first part of the *Mitchum* test. An analysis of the claim raised here also illustrates satisfaction of the second element of *Mitchum*. The purpose of § 704(a)'s proscriptions is to ensure an employee's protected right to challenge discrimination under Title VII. Retaliation,

whether in the form of a subsequent discharge or court proceeding, places an added cost on the exercise of those rights and as such has a "chilling effect." Only by enjoining suits filed in retaliation for the exercise of protected rights can those rights be ensured. Hence, the situation is far different from that in *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1976). In *Vendo*, there was no doubt that permitting the maintenance of a state court action did not eviscerate the interests secured by the Clayton Act.[1]

■ For analogous reasons, the *Younger* abstention doctrine also will not serve to bar an injunction. Even acknowledging that *Younger* is applicable to civil as well as criminal state court proceedings, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), and also conceding that, in the normal course of things, federal intervention in pending proceedings is unlikely, *Commonwealth Edison v. Gulf Oil Corp.*, 541 F.2d 1263 (7th Cir. 1976), in situations where abstention would leave the charging party without any remedy in a state action, the doctrine does not apply. The interests being litigated in state court are personal to the defendants and the plaintiff-intervenor. Unlike Ms. Berk, who seeks to assert her individual interests in continued employment, EEOC here seeks to vindicate the public interest as expressed in the congressional purpose of eliminating employment discrimination as a national evil. *EEOC v. General Electric Co.*, 532 F.2d 359, 373 (4th Cir. 1976). As noted above, the interests represented by the Commission are, in effect, defeated if a retaliatory state court defamation action is allowed to proceed. And since EEOC is not a party to that litigation, the *Younger* doctrine cannot apply where the effect of abstention is, as a practical matter, the effective defeat of guaranteed federal civil rights.

■ With the Anti-Injunction Act and *Younger* problems resolved, the remaining question is whether § 704(a) prohibits state court defamation proceedings and authorizes a federal court to enjoin the same as an appropriate exercise of its equitable authority. This court believes that it does, but only in certain circumscribed situations. Section 704(a)'s anti-retaliation provisions are broad and explicit. The statute provides, in pertinent part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title.

There is little doubt that a state court defamation action filed in retaliation for having engaged in conduct protected by § 704(a), including the filing of a charge with the Commission, violates this section. A literal reading of the statute obviously outlaws all retaliatory acts including lawsuits filed in state tribunals. *Hearn v. R.R. Donnelley & Sons, Co.*, 460 F.Supp. 546 (N.D.Ill.1978); *EEOC v. Virginia Carolina Veneer Corp.*, 495 F.Supp. 775 (W.D.Va. 1980). It is also clear that federal courts have the power and the duty to remedy Title VII violations, including those under § 704(a). *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1974).

Although the complaint alleges that the state court proceeding was filed in response to the charges before the EEOC, the pleading in state court, which is attached to the Commission's motion for a preliminary injunction, alleges that Ms. Berk "wickedly,

---

1. It has been suggested in the briefs submitted to the court that the Supreme Court has already determined that § 704(a) is not within those Acts "expressly authorizing" injunctions in state proceedings. The Supreme Court, however, has made no such ruling. Contrary to defendants' suggestions, the Court in *Vendo*, *supra*, 433 U.S. at 636, N.7, 97 S.Ct. at 2890, N.7, only made reference to Title VII by way of explaining respondent's contention that § 2283 barred Title VII injunctions. The Court did not purport to make respondent's suggestions its own conclusion.

corruptly, unlawfully and maliciously orally slandered, stated to employees and subordinates of Levi Strauss & Co., false ... and defamatory statements ... by telling such persons that [Von Buskirk] made sexual advancements to the defendant...." EEOC in effect claims that the pendency of a charge of similar import before the Commission disables defendant from seeking redress for maliciously defamatory remarks made to others, at least while the charge is pending. That position ignores state concerns for vindicating private interests in reputation.

There is no authority for the proposition that Title VII, *sub silentio*, preempts all state defamation proceedings. Rather, the exact opposite was recognized in *Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998, 1007 (5th Cir. 1969). In *Pettway*, the Fifth Circuit considered the filing of charges with the Commission protected activity under § 704(a) and held that an employer who discharged an employee for filing false and malicious charges with the EEOC violated the Act. The *Pettway* court stated, however:

> We in no way imply that an employer is preempted by Section 704(a) from vindicating his reputation through resort to a civil action for malicious defamation.

*Pettway v. American Cast Iron Pipe Co.*, 411 F.2d at 1007, N.22. *Cf. Linn v. Plant Guard Workers*, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966).

An accommodation between the federal interest in preventing retaliation and the state interest in protecting against malicious defamation may be achieved by reference to the labor law analogue which all of the parties herein have cited to the court. In *Power Systems, Inc. v. NLRB*, 601 F.2d 936 (7th Cir. 1979), the Seventh Circuit had occasion to consider whether the filing of a malicious prosecution action against a former employee who had filed repeated unfair labor practice charges against his employer was itself a violation of the National Labor Relations Act. The NLRB concluded that it was, but the Seventh Circuit denied enforcement of the Board's order. Judge

Tone, writing for the panel, concluded that, where there was no basis for concluding that the employer's action was filed without a reasonable basis and for an improper purpose, the employer's conduct could not be considered a violation of the NLRA. *Power Systems, Inc. v. NLRB*, 601 F.2d at 940. However, the court recognized that:

> [C]ivil actions for malicious prosecution carry with them a potential for chilling employee complaints to the Board and that the Board may, in a proper case, act to curb such conduct. *Id.*

By analogy here, it cannot be concluded that all defamation actions in the wake of sexual harassment charges filed before the Commission are violations of Title VII. Rather, those suits initiated in state court in good faith and as an attempt to rehabilitate the employer's reputations which may have been tarnished by the charges are not necessarily violations of the Act. In order to establish the propriety of an injunction, the Commission must demonstrate that the action was filed for improper, *i. e.* retaliatory, purposes. *EEOC v. Virginia Carolina Veneer Corp.*, 495 F.Supp. 775 (W.D.Va. 1980). In its complaint, the EEOC has alleged that Von Buskirk's action was filed for retaliatory purposes. That allegation, which must be proved at a hearing but which is taken as true here, is sufficient to defeat Von Buskirk's motion to dismiss. Accordingly, the motion is denied.