Timothy PAISEY, Plaintiff,

v.

Honorable Linda L. VITALE, a Judge of the Circuit Court of the Seventeenth Judicial Circuit, In and For BROWARD COUNTY, FLORIDA; and Nova University, Inc., Defendants.

No. 85–6160–Civ.

United States District Court,
S.D. Florida.

April 22, 1986.

Thomas F. Panza, Panza and Maurer, Raymond O. Holton, Jr., Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, Fla., for Nova University.

James Peters, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for Linda Vitale.

Feldman & Levy, P.A., Miami, Fla., for plaintiff/appellee.

## ORDER

PAINE, District Judge.

This cause is before the Court on the Motion to Dismiss by Nova University, Inc., (DE 9), and the Motion for Preliminary Injunction by Paisey, (DE 21).

Interesting points of law are raised regarding the relationship between the federal courts and the state courts, as well as unusually thorny questions of private rights of action and effect of administrative regulations. Given the facts and circumstances, there is very little case law which guides us. Studying the cases provided by the parties and carrying out additional research which we thought could shed light on the issues, we felt like Moses wandering around the desert looking for a burning bush. Not being so fortunate as Moses, this Order represents our best humanly effort.

## FACTS

The facts in a capsulated form are: The plaintiff, Timothy Paisey, was a professor at Nova University. He is currently being sued by Nova in the state court for slander and defamation in connection with his affidavit which was used to support a charge of discrimination by a hispanic graduate student at Nova. The complaint in the case before this Court asks for 1) injunctive relief against the state court judge, Linda Vitale, to enjoin the ongoing state lawsuit, 2) damages against Nova for retaliation against Paisey by pursuing a state defamation action, and 3) damages against Nova for abuse of process in the course prosecuting the state action.

## INJUNCTIVE RELIEF

In this case, the plaintiff, Paisey, brings a cause of action for injunctive relief against a state court judge, Linda L. Vitale. The complaint asserts that this court has jurisdiction over the claim pursuant to 28 U.S.C. § 1343 which reads in part,

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

The complaint for injunctive relief against Vitale further asserts that "the action of the Honorable Linda L. Vitale is under color of State Law pursuant to the terms of 42 U.S.C. § 1983 and is proscribed activity pursuant to that section as read in *pari materia* with 34 C.F.R. § 100.7(e) imple-

menting Title VI of the Civil Rights Act of 1964 (U.S.C. 2000(d))".

It is unclear from the complaint whether the plaintiff names Vitale for her role as a state official acting under color of state law for her unfavorable rulings in the state court defamation suit against Paisey or whether Paisey actually seeks to enjoin Nova from prosecuting its action in the state court. (See, *E.E.O.C. v. Levi Strauss & Co.*, 515 F.Supp. 640 (N.D.Ill.1981) (in which the E.E.O.C. sought an injunction barring the plaintiff's employer from prosecuting his state court action for slander and defamation); *E.E.O.C. v. Virginia Carolina Veneer Corp.*, 495 F.Supp. 775 (W.D.Va.1980) (where the defendant was directed to take a nonsuit of its state defamation action.) If the plaintiff is seeking redress against the Judge herself, the cases say that no civil rights cause of action can be maintained against a judicial officer for actions taken under authority of his or her office. Such actions are barred by judicial immunity, and this principal is not in any way diminished by the Civil Rights Act. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Therefore, we must dismiss the cause of action against Vitale, and the style of the case shall be amended to so reflect.

No matter how the plaintiff has styled his plea for injunctive relief, it is clear that he comes to the federal court for rescue from the expense and hardship (and possible liability) resulting from the defamation action in the state court. Unfortunately, we have no buoy to toss to the plaintiff.

We have read Title VI cases, but have found no citations construing the effect of the anti-retaliation provision, 34 C.F.R. 100.7.[1] Therefore, we have had to rely on analogous provisions such as those in employment discrimination cases brought by the E.E.O.C. under Title VII, § 704(a), 42 U.S.C. § 2000e–3(a) which prohibits retaliation against an employee who has made a charge or participated in any manner in a proceeding or hearing before the E.E.O.C. Also, we have relied on general statements of policy by the Supreme Court in construing other uniquely federally regulated areas such as the National Labor Relations Act. *Linn v. United Plant Guard Workers of America Loc. 114*, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966) (Company manager sued Union and others for alleged defamation in course of labor organization campaign) *Atlantic Coast Line R. Co. v. Brotherhood of Loc. Eng.*, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970) (Federal Court could not properly enjoin state court injunction even though unions had a federally protected right to picket). *See, also, Parsuns Steel Inc., et al v. First Alabama Bank, et al*, —— U.S. ——, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986). ("Indeed this case is similar to *Atlantic Coast Line*, in which we held that the various exceptions to the Anti-Injunction Act did not permit a federal court to enjoin state proceedings in circumstances more threatening to federal jurisdiction than the circumstances of this case.")

Our research requires us to part company with the two district court cases that

---

1. Our case involves Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d which provides:

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

Section 2000d–1 authorizes the federal agencies who extend Federal financial assistance to effectuate this chapter by issuing rules, regulations or orders designed to insure compliance with this section. Accordingly, 34 C.F.R. § 100.7 was promulgated, and reads in pertinent part:

(e) *Intimidatory or retaliatory acts prohibited.* No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part. The identity of complainants shall be kept confidential except to the extent necessary to carry out the purposes of this part, including the conduct of any investigation, hearing, or judicial proceeding arising thereunder.

have been cited by the parties, *E.E.O.C. v. Levi Strauss & Co.*, 515 F.Supp. 640 (N.D. Ill.1981) and *E.E.O.C. v. Virginia Carolina Veneer Corp.*, 495 F.Supp. 775 (W.D. Va.1980). Those two cases have overlooked the prohibitions of the Anti-Injunction Act, 28 U.S.C. § 2283 or are distinguishable from this case. We find that we cannot get around § 2283 by addressing the injunction to the defendant Nova in this action, the plaintiff in the state defamation case, and enjoining them from prosecution in the circuit court. *Atlantic Coast Line R. Co. v. Brotherhood of Loc. Eng.*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970). Nor can we sit in review of the actions taken in the state court. *Atlantic*, 90 S.Ct. at 1748 ("Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion.")

The plaintiff has not cited to us any express authorization by Congress which creates an exception to the Anti Injunction Act. In *E.E.O.C. v. Levi Strauss*, the district court found that the Anti Injunction Act did not preclude an injunction under the circumstances of that case. 515 F.Supp. at 642. The court relied on an exception which permitted an injunction when the plaintiff in the federal court is the United States itself, or a federal agency asserting "superior federal interest." As an alternative theory, the court also found that the facts of the case were beyond the reach of the Act since the anti-retaliation provision of Title VII created a uniquely federal right or remedy which could be given its intended scope only by enjoining the state proceeding. 515 F.Supp. at 642. We cannot apply that analysis here. First, we are not dealing with a government agency, but with a private plaintiff. Second, even the *Levi* court admitted that the Title VII provision did not preempt all state defamation proceedings. The *Levi* court stated that in order to get the injunction, the E.E.O.C. had to demonstrate that the state action was filed for a retaliatory purpose. We think that is

a question of fact to be determined at a trial whether at the state or federal trial court level, and it is not a question that lends itself to resolution upon assertions of the parties.

The *E.E.O.C. v. Virginia Carolina Veneer Corp.*, 495 F.Supp. 775 (W.D.Va.1980) case is not controlling because in that case the Court found that the complaint in the state court was based solely on the allegations made by the defendant-employee to the Department of Labor and to the E.E.O.C. There was no other basis alleged for the state court suit. 495 F.Supp. at 776. Here, the defendants are alleging in their state action that Paisey engaged in malicious defamatory statements apart from his activities in connection with the complaint to the Department of Education. True or not, we think that Nova University is entitled to pursue this claim in the forum of their choice. *Linn v. Plant Guard Workers*, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966); *Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998 (5th Cir. 1969). These cases hold that the applicable federal statute was not intended to curtail state libel remedies. We are of the view that Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d and the regulations promulgated thereunder, specifically, 34 C.F.R. 100.7 must be construed the same way.

Accordingly, because of the prohibition of § 2283, and in view of the Supreme Court's pronouncements against federal district courts enjoining state courts, by which we are bound and with which we agree, we must deny the claim for injunctive relief.

## RETALIATION

■ There is hope for the plaintiff, however, in that we find that 34 C.F.R. 100.7 read *in pari materia* with 42 U.S.C. § 2000d and 42 U.S.C. § 2000d–1 does state a cause of action in this court.

Plaintiff asserts federal question jurisdiction 28 U.S.C. § 1331 for his claims arising under the laws of the United States (42

U.S.C. § 2000d). Under the well established rule of *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), a cause of action premised upon a federal statute or the Constitution is subject to dismissal for lack of jurisdiction only if it is "wholly insubstantial," "frivolous" or immaterial and "made solely for the purpose of obtaining jurisdiction." *Id.* at 682, 66 S.Ct. at 776. After a thorough reading of the complaint, we find that the plaintiff's allegations meet the test of *Bell v. Hood.*

Our concern with this case is that the plaintiff is not alleging that the defendant discriminated against him on the basis of his race, color or national origin under 42 U.S.C. § 2000d, rather he is alleging that the defendant Nova University retaliated against him for his participation in a discrimination complaint in violation of 34 C.F.R. 100.7 by filing their state court defamation action. There are no cases construing the anti-retaliation regulation in Title VI. As far as we can tell we would be the first court to do so.

Assuming, as we must in deciding a motion to dismiss, that the plaintiff's allegations are true, we now look to see whether the complaint states a claim upon which relief can be granted. The question whether there is an implied cause of action for damages under a statute goes to the merits rather than to jurisdiction. *Fogel v. Chestnut,* 668 F.2d 100, 105 (2d Cir.1981). ("If in fact the statutes relied upon by the plaintiffs did not authorize recovery of damages because of violations of the sort alleged, the complaint failed to state a claim upon which relief can be granted and was subject to dismissal upon that ground.") (opinion by Judge Friendly). Congress did not help us much in the context of this case, for the statute is silent as to whether a plaintiff can bring a cause of action for violation of 34 C.F.R. 100.7. Title VII has an analogous anti-retaliation provision, 42 U.S.C. § 2000e–3. But there, Congress expressly stated that an aggrieved person can bring a civil action in a federal district court. 42 U.S.C. § 2000e–5(f). Not so with Title VI.

A majority of the Supreme Court has held that a private right of action can be implied under Title VI and the regulations promulgated there under. *Guardians Ass'n. v. Civ. Serv. Com'n of City of N.Y.,* 463 U.S. 582, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983). Here we are dealing with an administrative agency regulation. We recognize that only Congress can create a cause of action. Administrative agencies cannot. Nevertheless, the agency charged with enforcing Title VI, the Department of Education, Office of Civil Rights, has construed the filing of the state court action by Nova as an act of retaliation in violation of 100.7. (See Exhibit A to the complaint, letter from Antonio J. Califa, Director, Policy and Enforcement Service, Office for Civil Rights, Department of Education to Abraham Fischler, President of Nova University). We find that we must give great weight to the administrative agency's interpretation of acts prohibited by the statute, *Zenith Radio Corp. v. U.S.,* 437 U.S. 443, 98 S.Ct. 2441, 57 L.Ed.2d 337 (1978).

In addition, as we interpret the *Guardians* case, Paisey is not restricted to prospective relief. He has alleged an intentional violation of Title VI, i.e., that Nova retaliated against him by filing the state court action for defamation. Therefore, this case falls outside the holding in *Guardians,* and a monetary claim for damages may be appropriate. The motion to dismiss the damages claim against Nova University will be denied.

We believe, however, that the disposition of the motion to dismiss the plaintiff's claim for retaliation involves a controlling question of law as to which there is substantial ground for difference of opinion. Therefore, an immediate appeal from this Order may materially advance the ultimate determination of the litigation. The Court authorizes such appeal pursuant to 28 U.S.C. § 1292(b). The application for an appeal shall not stay proceedings in the district court.

### ABUSE OF PROCESS

We agree with the defendant's argument regarding the claim for damages against

Nova based on abuse of process. That theory is directed toward abuse of methods used to procure payment of a debt. *Cline v. Flagler Sales Corp.*, 207 So.2d 709 (Fla. 3d DCA 1968). We decline to stretch Florida law to encompass this claim of Plaintiff's complaint.

Accordingly, it is

ORDERED and ADJUDGED that

1) The motion to dismiss is granted as to the plaintiff's claims for injunctive relief. The defendant, Honorable Linda L. Vitale is dismissed from the action, and all future pleadings shall so reflect.

2) The motion to dismiss is granted as to plaintiff's claim for abuse of process.

3) The motion to dismiss is denied as to plaintiff's claim for damages against Nova for retaliation. (DE 9).

4) The motion for preliminary injunction by Paisey is denied. (DE 21).