42

## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Stephen M. Levinson

    v.

Sharon R. Johnston et al.

### Case No. (Law) 10650

By JUDGE ALFRED D. SWERSKY

### July 3, 1986

The matter is before the Court on defendant's Demurrer and Plea in Bar. The Demurrer is based on defendant's assertion of an absolute privilege under Federal Civil Rights law to complain about sexual harassment and other specific grounds as to each specific count in the Motion for Judgment. The Plea in Bar is based upon defendant's assertion that the existence of an arbitration procedure available to plaintiff is the exclusive remedy to which plaintiff is entitled. For reasons stated herein, the Demurrer and Plea in Bar must be overruled.

The Demurrer tests the legal sufficiency of plaintiff's pleading, and the Court must accept plaintiff's allegations as true for purposes of the Demurrer. Plaintiff has alleged that the memorandum prepared by defendant, allegedly containing defamatory information, was used as a basis by the City of Alexandria to discharge plaintiff from his employment. There is no allegation that this memorandum was prepared for EEOC nor for Human Rights Commission purposes. This is essential to defendant's claim of an

absolute privilege. No case has been cited nor could the Court locate any that extends the absolute privilege to an employee's complaint to his or her employer of discrimination.

Furthermore, nothing in the Civil Rights Act nor cases decided under it hold that there was a Congressional intent to pre-empt existing State Law. In fact, in *EEOC v. Levi Strauss & Co., et al.,* 515 F. Supp. 640 (1981), the Court found the opposite to be true. *See also, Pettway v. American Cast Pipe Co.,* 411 F.2d 998 (5th Cir. 1969). While it is true that 29 C.F.R. 1604.11(d) puts some burdens on the City as an employer, the liability of the City is not an issue to be decided. Since the Court can find no basis in Title VII of the Civil Rights Act for the extension of the absolute privilege doctrine to employee complaints to employers, I must look to state law to see if such an absolute privilege exists. In *Elder v. Holland,* 208 Va. 15 (1967), the Supreme Court of Virginia refused to extend the absolute privilege doctrine to non-judicial proceedings. Absent sufficient allegations concerning the use of the memorandum of the defendant, I cannot conclude that it was for use in a judicial or quasi-judicial proceeding so as to afford it the protection of absolute privilege. The Demurrer on this ground will, therefore, be overruled without prejudice to defendant to assert the absolute privilege as a trial defense or at some procedurally appropriate time.

With respect to the Demurrer as to the specific counts, the allegations of Count One as to the existence of a contract are sufficient, and the Court cannot say as a matter of law that there was no contract between Levinson and the City. As to Count Two, the allegations of wrong actions of an "outrageous" nature and "outside the realm of decency and moral conduct" are sufficiently pleaded. Count Three is a defamation count, and the Court has already ruled with regard to defendant's assertion of an absolute privilege. Likewise, the allegations of Count Four relating to a conspiracy to injure plaintiff in his business and profession are sufficiently pleaded.

Turning now to defendant's Plea in Bar, it too must be overruled. The grievance procedure which the City adopted pursuant to Section 15.1-7.1 of the Code of Virginia is found at Section 2.1-114.5:1 of the Code of Virginia and

provides in pertinent part: "The decision of such panel shall be final and binding. . ."

From this language defendant argues that this affords plaintiff his sole and exclusive remedy for the loss of his employment. Nowhere in the statutory scheme for this grievance procedure can the court discern a legislative intent to bar plaintiff from his other remedies, especially as to "strangers" to the grievance procedure. It is presumed that the Legislature did not intend to change, innovate upon, alter, unsettle or violate the Common Law in the absence of words specifically indicating the contrary. *Norfolk and Western RR. v. Virginia RR. Co.*, 110 Va. 631 (1910); *Hannabass v. Ryan*, 164 Va. 519 (1935); *Griffith v. Raven Red Ash Coal Co.*, 179 Va. 790 (1942).

### March 2, 1987

This matter is before the Court on Defendant Johnston's Motion for Summary Judgment. Prior to deciding the Motion for Summary Judgment, the Court agreed that it would notify counsel as to whether or not the prohibition against the use of discovery deposition testimony as contained in Code of Virginia, § 8.01-420, and in Rule 3:18 of the Rules of Court, prohibited the Court from consideration of the Defendant's motion. Defendant argued that because of the constitutional questions involved in First Amendment cases, this bar must fall to the superior constitutional questions.

While one may wonder at the usefulness of the statutory and Rule of Court prohibition against the use of discovery depositions, it stands as a clear mandate from both the Legislature and the Supreme Court that discovery depositions are not be considered in determining motions for summary judgment. In view of these clear prohibitions and in view of the fact that alternatives exist for the Defendant to bring the Motion for Summary Judgment before the Court, the Court must rule that the discovery depositions taken in the case may not be used in support of Defendant Johnston's Motion for Summary Judgment.

In view of this ruing, I will deny the Defendant Johnston's Motion for Summary Judgment without prejudice to her rights to bring the mater back to the attention of the Court upon a proper showing.