**Dianne BAKER, Plaintiff,**

v.

**SUMMIT UNLIMITED, INC., d/b/a Howell Station Academy, and Dr. J. Richard Moulton, Defendants.**

Civ. A. No. 1:93–CV–357–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 31, 1994.

Richard M. Vega, Decker & Hallman, Joseph Lawson Kelly, Atlanta, GA, for plaintiff.

Gordon Dean Booth, Jr., Laura E. Stevenson, Lawrence Dale Owens, Booth, Wade & Campbell, Atlanta, GA, for defendants.

### ORDER

FORRESTER, District Judge.

This matter is before the court on Plaintiff Dianne Baker's objections to Magistrate Judge John R. Strother, Jr.'s Report and Recommendations on Defendants Summit Unlimited, Inc., d/b/a Howell Station Academy, J. Richard Moulton and Margaret Ann Moulton's first motion for partial summary judgment. Neither party has objected to the report and recommendation on Defendants' second motion for partial summary judgment.

In the first report, the Magistrate Judge recommends that Plaintiff's Title VII claims under 42 U.S.C. § 2000e–3, for retaliatory discrimination for opposing her request for unemployment benefits and in denying her full access to the child care center

like other parents or their designees are not actionable as a matter of law. Since these were the only acts which occurred after the enactment date of the Civil Rights Act of 1991, he recommends that Plaintiff's request for a jury trial and for punitive and compensatory damages be denied. The report and recommendation states that although "post-termination conduct may rise to the level of actionable retaliation," such conduct is only actionable if it may be considered an "adverse employment action."

Plaintiff contends that this characterization of the law is too narrow. This court must agree. A fundamental tenet of American jurisprudence historically is that no one may penalize another for exercising his or her right to pursue or participate in legal or equitable actions. *See, e.g.* 18 U.S.C. §§ 1501–1514 (obstruction of justice provisions); 5 U.S.C. § 1214 (whistle-blower provisions for federal employees). Likewise, § 704(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3, as amended, prohibits an employer from discriminating against any job applicant or any employee who makes a charge or assists or participates in an investigation or proceeding conducted pursuant to Title VII. This provision has been interpreted by a majority of circuits to include discriminatory acts conducted post-termination against *former* employees. *Sherman v. Burke Contracting, Inc.*, 891 F.2d 1527, 1532 (11th Cir.1990); *Bailey v. U.S.X. Corp.*, 850 F.2d 1506, 1509 (11th Cir.1988); *Pantchenko v. C.B. Dolge Co., Inc.*, 581 F.2d 1052, 1055 (2d Cir.1978); *Rutherford v. American Bank of Commerce*, 565 F.2d 1162, 1165–66 (10th Cir.1977); *but see Polsby v. Chase*, 970 F.2d 1360, 1365–66 (4th Cir.1992) (relying on rationale articulated by Chief Judge Tjoflat in his concurring opinion in *Sherman* that "the paucity of legislative history, if offering any guidance on the issue, and policy considerations actually support a normal reading of the statute without adding former employees").

In this case Plaintiff alleges two types of retaliatory conduct: Defendants' opposition to Plaintiff's claim for unemployment compensation before the Georgia Department of Labor, and Defendants' refusal to allow Plaintiff to enter the child care center classrooms to pick up children as otherwise permitted by the center's policies for other parents or their designees. As to the opposition of Plaintiff's receipt of unemployment compensation, Georgia law provides that an employer may successfully challenge a terminated employee's application for unemployment benefits if it can show by a preponderance of the evidence that an employee has been discharged from work with her most recent employer for failure to obey orders, rules, or instructions, or for failure to discharge the duties for which employed. O.C.G.A. § 34–8–157(b)(1). If the challenge is unsuccessful, the employer's tax account is charged a pro rata share of the benefits paid to the claimant. O.C.G.A. § 34–8–157(a)(1). Furthermore, an employer may be charged for benefits paid to a claimant where it fails to respond, and later it is found that benefits should not have been paid. O.C.G.A. § 34–8–157(b)(3). When Plaintiff filed her claim, Defendants responded as required. They argued, as presumably they are doing in this case, that Plaintiff was discharged for cause or based on a legitimate non-discriminatory reason. Such opposition was clearly the employer's right and duty and not retaliatory in nature, since Plaintiff initiated the unemployment benefits process and the employer participated as required. To defend itself in that process cannot be likened to the cases cited by Plaintiff where the defendants-employers initiated malicious and false legal proceedings against the former employee because the employee had filed an EEOC charge. *See, e.g., EEOC v. Virginia Carolina Veneer Corp.*, 495 F.Supp. 775, 777–78 (W.D.Va.1980) (in retaliation, employer filed defamation suit based on the allegations contained in the filed EEOC charge); *Atkinson v. Oliver T. Carr Co.*, 40 Fair Empl. Prac.Cases 1041, 1043–44, 1986 WL 6997 (D.D.C.1986) (allegations of criminal activity brought in retaliation for filing of EEOC charge actionable). Furthermore, courts find that initiating legal proceedings against a former employee who filed an EEOC charge may be appropriate as long as shown not to be in retaliation and brought in good faith. *See, e.g., Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998, 1007 n. 22 (5th

Cir.1969) (employer may vindicate reputation through action for defamation as long as not "retributive"); *EEOC v. Levi Strauss & Co.,* 27 Fair Empl.Prac.Cases 346, 349–50, 515 F.Supp. 640 (N.D.Ill.1981) (defamation suit initiated in good faith to rehabilitate employer's reputation not violative if not in retaliation). Defendants' opposition to Plaintiff's claim for unemployment benefits, therefore, is not retaliatory in nature and therefore not a basis for a claim under Title VII.

■ The allegation that Defendants have not allowed Plaintiff, acting as a parent designee in picking up children at the center, to enter the classrooms like other parents and their designees, however, is actionable. While it is true that the cases addressing post-termination retaliatory conduct have most often included facts centered around poor recommendations given to subsequent potential employers who have inquired about the former employee or the filing or threatening to file legal actions, nothing in the statute would indicate such a limitation. The Magistrate Judge presumably relied on the second prong of the traditional *prima facie* Title VII retaliation test that requires that the plaintiff show an "adverse employment action." The word discriminate as found in the actual statute, however, is not so limited. *See Goldsmith v. City of Atmore,* 996 F.2d 1155, 1163 (11th Cir.1993) (traditional Title VII *prima facie* case for retaliation requires "showing (1) statutorily protected expression, (2) adverse employment action, and (3) causal link between the protection and the adverse action"). The Magistrate Judge failed to recognize that the refusal to allow Plaintiff to pick up children in the same manner as other parents may constitute an adverse employment action since it may impact on her ability to perform this service for parents and thereby decrease her income correspondingly. *Cf. Passer v. American Chemical Society,* 935 F.2d 322, 331 (D.C.Cir.1991) (under parallel retaliation provision contained in 29 U.S.C. § 623(d) (ADEA), cancellation of honorary symposium in retaliation for filing of EEOC charge considered humiliating and, therefore, caused more difficulties to procure future employment).

In conclusion, therefore, this court must reject the Magistrate Judge's first Report and Recommendation [15–1]. Defendants' first motion for partial summary judgment is DENIED [10–1] to the extent that Plaintiff seeks punitive and compensatory damages and a jury trial on her retaliation claim. Defendants' first motion for partial summary judgment, however, is GRANTED [10–1] to the extent that Plaintiff seeks the retroactive application of the punitive and compensatory damages and jury trial provisions found in the Civil Rights Act of 1991 to her termination claims. *Curtis v. Metro Ambulance Service,* 982 F.2d 472 (11th Cir.1993); *Baynes v. AT & T Technologies, Inc.,* 976 F.2d 1370 (11th Cir.1992); *Peters v. Board of Regents,* 1992 WL 252134 (N.D.Ga.1992). Plaintiff's motion to substitute corrected pleading is GRANTED [18–1], and the pleading was considered. Finally, no objections having been filed on Defendants' second motion for partial summary judgment and no error having been found, this court ADOPTS the Magistrate Judge's second Report and Recommendation [28–1] as the OPINION and ORDER of the court. Defendants' second motion for partial summary judgment is DENIED [23–1].

SO ORDERED.