**Nitza CARRASCO, Plaintiff,**

v.

**NEW YORK CITY OFF-TRACK BETTING CORPORATION; Hazel N. Dukes, David L. Vaughn, and Gwennetha Nesbeth, Defendants.**

No. 92 Civ. 6906 (PKL).

United States District Court, S.D. New York.

June 30, 1994.

Olsen & Brown, John R. Olsen, New York City, for plaintiff.

Paul A. Crotty, Corp. Counsel of the City of New York, New York City, for defendants.

### MEMORANDUM ORDER

LEISURE, District Judge:

This is an employment discrimination action brought under Title VII, 42 U.S.C. § 2000e, *et seq.* In her Amended Complaint, filed on November 9, 1993 ("Am.Compl."), plaintiff Nitza Carrasco alleges that defendants violated Title VII by discriminating and retaliating against her on the basis of her national origin and race. Am.Compl. at ¶ 47. Plaintiff also alleges five pendent state claims. *Id.* at ¶¶ 48–57. On February 16, 1994, defendant New York City Off–Track Betting Corporation ("OTB") moved to dismiss plaintiff's Amended Complaint in its entirety for failure to timely commence the action. For the reasons set forth below the motion is hereby granted.[1]

### BACKGROUND

For purposes of this motion to dismiss, the allegations in the Amended Complaint are assumed to be true. *See Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992); *Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991).

Plaintiff Nitza Carrasco, a Hispanic woman, has worked for OTB since 1971. Am. Compl. at ¶ 15. Plaintiff claims that on July 1, 1991, she was passed over for a promotion to the position of manager on account of her national origin, Am.Compl. at ¶ 17, 23, and defendant Gwennetha Nesbeth, an African–

1. In her Amended Complaint plaintiff names three additional defendants, specifically, Hazel Dukes, David Vaughn, and Gwennetha Nesbeth. While these additional defendants were not noticed on the motion and, accordingly, have not appeared, this Court sees no reason why these defendants should not benefit from this Court's opinion. Accordingly, this Memorandum Order applies to the additional defendants with the same force as the movant.

American woman, was promoted to the position of manager instead of her. Am.Compl. at ¶ 18. Plaintiff, who had previously served as acting manager, contends that Nesbeth is less qualified. Am.Compl. at ¶ 18, 19. Plaintiff alleges that the failure to promote her was part of defendants' widespread practice of favoring African–Americans in employment decisions. Am.Compl. at ¶ 24.

Plaintiff also alleges that she has been subjected to acts of harassment in retaliation for her complaints which she voiced to OTB and to her union. Am.Compl. at ¶ 22, 29, 30. Plaintiff claims that this harassment took the form of accusations by Nesbeth that plaintiff was poorly performing her duties and a written reprimand from defendants Dukes and Vaughn. Am.Compl. at ¶ 31.

On May 26, 1992, 330 days after plaintiff was denied the promotion, plaintiff filed a Charge of Discrimination and an Affidavit (the "EEOC charge") with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination and harassment. Declaration of Nitza Carrasco, dated April 14, 1994 ("Decl. of Nitza Carrasco") at Ex. A, Ex. B. On June 24, 1992, the EEOC issued a Notice of Right to Sue, which stated that the EEOC would not investigate plaintiff's charge because it was untimely. Declaration of Pedro Medina, Jr., Esq., dated February 14, 1994, at Ex. B. Within 90 days of receipt thereof, on September 18, 1992, plaintiff filed her instant Complaint in this Court.

## DISCUSSION

### I. Applicable Standard for a Motion to Dismiss Pursuant to Federal Rule 12(b)(6)

Defendant has moved for an order dismissing plaintiff's claims pursuant to Fed. R.Civ.P. 12(b)(6). "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted...." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).

"When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir.1993).

"The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Festa v. Local 3, Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 37 (2d Cir.1990). *See also Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984) ("The function of a motion to dismiss 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.' ") (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980)). The Court must draw all reasonable inferences in plaintiff's favor. *Papasan v. Allain*, 478 U.S. 265, 283, 106 S.Ct. 2932, 2943, 92 L.Ed.2d 209 (1986); *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991); *Hill v. Sullivan*, 125 F.R.D. 86, 90 (S.D.N.Y.1989) ("[A]ll allegations in plaintiffs' amended complaint must be accepted as true and liberally construed."). A motion to dismiss must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *see also Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 252 (2d Cir.1991).

The Amended Complaint in the case at bar attempts to allege a cause of action for violation of plaintiff's civil rights. "If a civil rights complaint is to survive a motion to dismiss, it must make specific factual allegations indicating a deprivation of rights."

*Fonte v. Board of Managers of Continental Towers Condominium,* 848 F.2d 24, 25 (2d Cir.1988) (citing *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987)). The Second Circuit has "repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr,* 810 F.2d at 363. *See Martin v. New York State Dep't of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir.1978); *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977); *Koch v. Yunich,* 533 F.2d 80, 85 (2d Cir.1976). Furthermore, this pleading requirement has been "scrupulously ... observed" by this Court, because leveling civil rights charges against anyone carries serious consequences distinct from those accompanying garden-variety tort or breach of contract claims. *Pettman v. U.S. Chess Fed'n,* 675 F.Supp. 175, 177 (S.D.N.Y.1987).

**A.** *Plaintiff's Discrimination Claim is Time–Barred*

Defendant OTB argues that the complaint is time barred under 42 U.S.C. § 2000e–5(e) since plaintiff filed her EEOC charge over 300 days after defendant OTB's failure to promote. Defendant OTB asserts that the limitations period for filing an EEOC charge should not be enlarged because plaintiff fails to allege any facts supporting the existence of a continuing Title VII violation or supporting a claim that equity requires waiver or tolling of the limitations period.

■ In states such as New York that have an agency with the authority to address charges of discriminatory employment practices, the statute of limitations for filing a charge with the EEOC is 300 days. 42 U.S.C. § 2000e–5(e). When a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred. *Butts v. City of New York Dep't of Hous. Preservation & Dev.,* 990 F.2d 1397, 1401 (2d Cir.1993); *see Zipes v. Trans World Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). Since plaintiff's EEOC claim was filed 330 days after the alleged discriminatory failure to promote, this Title VII claim is time barred unless the limitations period is tolled.

The limitations period may be tolled by either evidence of a continuing violation, or waiver, estoppel, or equitable tolling. *See Delaware State College v. Ricks,* 449 U.S. 250, 257, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980); *Zipes,* 455 U.S. at 393, 102 S.Ct. at 1132.

In the instant case, plaintiff argues that her failure to be promoted was part of a continuing violation in that her non-promotion was part of an ongoing policy favoring African–Americans in employment decisions. Plaintiff also contends that both the alleged retaliation and the effects of the non-promotion were part of this continuing violation. This Court finds however, that plaintiff fails to allege adequately a continuing violation.

"The courts of this circuit consistently have looked unfavorably on continuing violation arguments." *Blesedell v. Mobil Oil Co.,* 708 F.Supp. 1408, 1415 (S.D.N.Y.1989). "The continuing violation exception applies to cases involving specific discriminatory policies or mechanisms." *Lambert v. Genesee Hosp.,* 10 F.3d 46, 53 (2d Cir.1993). "Under the continuing violation exception to the Title VII limitations period, if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims or acts of discrimination under that policy will be timely even if they would be untimely standing alone." *Lambert,* 10 F.3d at 53 (citing *Cook v. Pan Am. World Airways, Inc.,* 771 F.2d 635, 646 (2d Cir.1985), *cert. denied,* 474 U.S. 1109, 106 S.Ct. 895, 88 L.Ed.2d 929 (1986)). "The continuing violation exception applies to cases involving *specific* discriminatory policies or mechanisms such as discriminatory lists, ... or discriminatory employment tests." *Id.* at 53 (emphasis added) (citations omitted).

■ Firstly, plaintiff's assertion that her non-promotion was part of an ongoing policy in favor of African–Americans which thus entitles her to the continuing violation exception fails. Plaintiff must clearly assert the continuing violation in both the EEOC charge and in the complaint. *Miller v. Int'l Tel. & Tel. Corp.,* 755 F.2d 20, 25 (2d Cir. 1985). In this case, the fact that the "Con-

tinuing Action" box was checked on her EEOC charge is not dispositive on this issue. On the EEOC charge, the dates for the beginning of the violation and the end of the violation are both July 1, 1991. In the EEOC charge plaintiff only alleged one discrete act, the denial of a promotion on July 1, 1991. Therefore, a continuing violation was not clearly asserted in the EEOC charge. Also, plaintiff's general allegations of the existence of a discriminatory pattern in her Amended Complaint are insufficient to assert a continuing violation. "The Second Circuit has recently reasserted the law of this Circuit that, unless the plaintiff alleges discrimination by virtue of a *specific official policy* or *mechanism,* claims of continuing violation will not lie." *Page v. New York City Off-Track Betting, Inc.,* No. 90–6367, 1993 WL 426865, *2 (S.D.N.Y. Oct. 22, 1993) (citing *Butts,* 990 F.2d at 1404) (emphasis added). Thus, plaintiff fails to adequately allege a continuing violation.

■ Secondly, in order to maintain an otherwise time-barred suit under the continuing violation exception, at least one discriminatory act pursuant to the policy must have occurred within the limitations period. *Young v. Town of Fallsburg Police Dep't,* 774 F.Supp. 205, 208 (S.D.N.Y.1991). Plaintiff has not alleged any specific discriminatory incidents occurring within the limitations period as part of a policy favoring African-Americans in employment decisions. Plaintiff has alleged that she has been subject to retaliation resulting from her complaints concerning the non-promotion. Allegations of such retaliation are insufficient to support her continuing violation claim since acts of retaliation are not related to the alleged policy favoring African–Americans in employment decisions. "[M]ultiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mech-

anism do not amount to a continuing violation." *Lambert,* 10 F.3d at 53. The record indicates that plaintiff was passed over for promotion only once, the residual effects of this non-promotion are also insufficient to support a continuing violation claim since "[a] continuing violation ... may not be based on the continuing effects of an earlier discrimination." *Blesedell,* 708 F.Supp. at 1414 (citing *United Air Lines v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977)).

Under certain circumstances, the 300–day EEOC filing limitations period can be subject to waiver, estoppel, and equitable tolling. *Zipes,* 455 U.S. at 393, 102 S.Ct. at 1132. In the instant case, plaintiff argues that equitable tolling is appropriate. However, this Court finds that plaintiff's Amended Complaint does not allege sufficient facts which would warrant a tolling or waiver of the EEOC filing limitations period.

■ Additionally, while the Court need not and accordingly does not reach the issue herein, plaintiff's unsupported contention that on an unspecified date, some months after the denied promotion, she telephoned the EEOC office and was told that she had through July 1, 1992, to file her charge with the EEOC, would not suffice to invoke equitable tolling. Decl. of Nitza Carrasco at ¶ 12–13; *see Osei–Bonsu v. Federal Home Loan Bank of New York,* 726 F.Supp. 95, 99 (S.D.N.Y.1989) (finding plaintiff's "lack of knowledge of the proper filing procedures and his *pro se* status are not sufficient to invoke the doctrine of equitable tolling" for a charge filed 48 days late). Even assuming *arguendo* that this Court were to consider plaintiff's assertions, they would not support a claim for equitable tolling.[2]

This Court finds that, even accepting the facts alleged in the complaint and relevant

---

2. *E.g., Conaway v. Control Data Corp.,* 955 F.2d 358, 363 (5th Cir.) (Allowing "plaintiff's unsupported allegation that the EEOC provided incomplete information in a telephone conversation" to support equitable tolling "would create a great potential for abuse."), *cert. denied,* — U.S. —, 113 S.Ct. 186, 121 L.Ed.2d 131 (1992); *Chappell v. Emco Machine Works Co.,* 601 F.2d 1295 (5th Cir.1979) (Plaintiff's reliance on false representations from an employee of the Texas Employ-

ment Commission that the EEOC complaint had been filed would not toll the statute of limitations.); *Edmonston v. MGM Grand Air, Inc.,* 808 F.Supp. 197 (E.D.N.Y.1992) (Plaintiff's assertion that he was mislead by the EEOC as to the proper jurisdiction for his claims was insufficient to toll the statute of limitations.); *but see Page v. U.S. Indus., Inc.,* 556 F.2d 346 (5th Cir.1977) (Limitations period was tolled where plaintiff was mislead by letters from the EEOC.).

documents, and drawing reasonably inferences there from, this set of facts can not support a finding of a continuing Title VII violation or circumstances which warrant equitable tolling of the limitations period. Accordingly, plaintiff's charge of discrimination is time-barred and is hereby dismissed.

## II. Jurisdiction over Claim of Retaliation

Defendant OTB argues that plaintiff's claim of retaliation should be dismissed since this Court lacks jurisdiction to hear it. The claim of retaliation was not included in the EEOC charge. Also, the claim could not be deemed reasonably related to the time-barred EEOC charge. Plaintiff contends that her retaliation claim should not be dismissed since not only was it reasonably related to her EEOC discrimination charge but it was set forth therein.

■ "A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." *Butts,* 990 F.2d at 1401 (citations omitted). Plaintiff contends that her charge of retaliation was set forth in her May 26, 1992, EEOC charge. In her EEOC charge, plaintiff alleged harassment by defendant Nesbeth, the OTB employee who was promoted over plaintiff. *See* Decl. of Nitza Carrasco at Ex. B. However, plaintiff did not allege that she was harassed in retaliation for her complaints concerning her non-promotion. Instead, plaintiff specifically alleged that such harassment resulted from Nesbeth's resentment toward plaintiff because plaintiff was more experienced at Nesbeth's new position. *Id.* Therefore, this Court finds that plaintiff did not allege retaliation in her EEOC charge.

■ Plaintiff contends that even if the claim of retaliation were not raised in the EEOC charge, which is the case, this Court has jurisdiction to hear the claim since it is "reasonably related" to the discrimination claim brought before the EEOC. Since this Court has determined that the May 26, 1992 charge was untimely, the EEOC charge "thus cannot serve as [a] predicate[ ] for allegations in the complaint said to be rea-

sonably related." *Butts,* 990 F.2d at 1403. *See Cornwell v. Robinson,* 23 F.3d 694, 706 (2d Cir.1994).

Since plaintiff's charges of retaliation were not presented to the EEOC and can not be reasonably related to a time-barred allegation, this Court lacks jurisdiction to hear the claim. Accordingly, plaintiff's claim of retaliation is hereby dismissed.

## III. Jurisdiction over Pendent State Claims

■ Defendant asserts that, with the federal claims dismissed, plaintiff's pendent state claims also must be dismissed for lack of jurisdiction. Title 28 U.S.C. § 1367, enacted Dec. 1, 1990, codified the law with regard to pendent party, pendent claim, and ancillary jurisdiction by granting federal district courts "supplemental jurisdiction over all claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* In general, in order to invoke supplemental jurisdiction, there must be an underlying cognizable federal claim. In this case, both of plaintiff's federal claims have been dismissed. When the district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction over ancillary claims. 28 U.S.C. § 1367(c)(3). " '[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.' " *Morse v. University of Vermont,* 973 F.2d 122, 127 (2d Cir.1992) (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988)). Thus, this Court declines to assert jurisdiction over plaintiff's ancillary claims. Accordingly, plaintiff's pendent state law claims are hereby dismissed.

## CONCLUSION

For the foregoing reasons, this Court dismisses plaintiff's Title VII claims of discrimination and retaliation, and plaintiff's pendent state law claims. Accordingly, plaintiff's

**34**

Amended Complaint is dismissed in its entirety.

**SO ORDERED.**