**Mehmet PEREZIC, Plaintiff,**

v.

**Mario CRESPO and Engelman Co., Defendants.**

**No. 94 Civ. 8238 (SHS).**

United States District Court, S.D. New York.

Oct. 18, 1995.

**440**

Aury Bennett Stollow, N.Y., N.Y. for defendant Engelman & Co.

Edward K. Shahied, Esq., Brooklyn, N.Y., for plaintiff.

Mario Crespo, defendant pro se.

STEIN, District Judge:

Plaintiff Mehmet Perezic brought this action, originally pro se, in November of 1994 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as 42 U.S.C. §§ 1981 *et seq.*, claiming that he was "treated differently" than other employees and terminated by defendants because of his national origin. (Complaint, ¶¶ 9–10.) More specifically, he claims that he was discriminated against because he is not Hispanic and does not speak Spanish. (Complaint, ¶ 9.) This case has a history of procedural difficulties. Although Fed.R.Civ.P. 4(m) requires that the summons and complaint be served within 120 days, Perezic twice requested—and twice received—extensions of time to effect service of process. Defendants Crespo and Engelman Co. were ultimately served with the summons and complaint on July 5 and 6, 1995, respectively.

Shortly thereafter, defendant Engelman Co. moved to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1), (2), (5) and (6). Defendant Crespo, pro se, has joined in that motion. On September 1, 1995, approximately two weeks after the motion's return date, counsel for plaintiff filed a notice of appearance and an affirmation in opposition to the motion.

I. *Plaintiff's Title VII Claim*

■ In this motion, defendant alleges that plaintiff's Title VII claim is time barred. In order to pursue a Title VII claim in federal court, a plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Butts v. City of N.Y. Dep't of Hous. Preservation and Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993). In addition, that charge must be filed by certain deadlines. Because New York has an agency that addresses allegations of employment discrimination, "the statute of limitations for filing a charge of discrimination with the EEOC is 300 days" after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e)(1); *see also Butts*, 990 F.2d at 1401. Failure to comply with this timing requirement will cause a claim to be time-barred. *Butts*, 990 F.2d at 1401; *Carrasco v. N.Y. City Off-Track Betting Corp.*, 858 F.Supp. 28, 30 (S.D.N.Y.1994).

■ The limitations period, however, is not jurisdictional and may be tolled in certain situations. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982). For example, a continuing policy of discrimination will prevent a claim from being time-barred. *See, e.g., Lambert v. Genesee Hospital*, 10 F.3d 46, 53 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994); *Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20, 25 (2d Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). Indeed, the limitations period may be tolled "when equity so requires." *Zipes*, 455 U.S. at 398,

102 S.Ct. at 1135; *see also Carrasco,* 858 F.Supp. at 31.

■ For purposes of this motion, the relevant facts are those alleged by the plaintiff in the complaint. *Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). In addition, because the complaint was filed when plaintiff was acting pro se, it must be read liberally. *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991). Furthermore, Title VII's complicated procedural requirements should be construed liberally in order to achieve the statute's objective of exposing unlawful discrimination. *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 105 (2d Cir.1978) (citing *Love v. Pullman,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972)). The alleged discriminatory acts underlying this litigation occurred on October 21, 1992 (Complaint, ¶ 5), and plaintiff filed a complaint with the New York City Commission on Human Rights on August 12, 1993 (Complaint, ¶ 6; Plaintiff's Affirmation in Opposition to Defendant's Motion, ¶ 6). The charge of discrimination was filed with the EEOC on December 3, 1993, approximately 400 days after the last act of alleged discrimination.

■ As noted above, in certain situations, the statute of limitations may be subject to tolling for equitable reasons. In this case, however, no such circumstances appear to be applicable or even alleged. Instead, defendant, now through his attorney, argues that 42 U.S.C. § 2000e–5(c) provides that the relevant filing date is the date of filing with the local authority, not the date of filing with the EEOC. (Plaintiff's Affirmation in Opposition to Defendant's Motion, ¶¶ 6, 7 & 8.) Section 2000e–5(c) only establishes parameters on the earliest filing date for a charge with the EEOC (60 days after filing with the local authority unless the local authority dismisses the charge earlier). *See* 42 U.S.C. § 2000e–5(c). Thus, that section is irrelevant to the determination of the latest date for timely filing as required by section 2000e–5(e)(1). Plaintiff is correct that Title VII takes into account the timing of a filing with the local authorities, but it does so by extending the final filing date from 180 days to 300 days

after the alleged discriminatory act. *See Carrasco,* 858 F.Supp. at 31. It does not, however, provide that the date of the local filing can be substituted for the date of filing with the EEOC. *See Cooper v. Donovan Data Sys., Inc.,* No. 86 Civ. 9532, 1988 WL 87512, at *2 (S.D.N.Y. Aug. 15, 1988); *Grinan v. Willowbrook Developmental Ctr.,* No. 84 Civ. 2769, 1985 WL 3116, at *2 (S.D.N.Y. Oct. 17, 1985).

Plaintiff does not allege that a work-sharing agreement or agency relationship existed that would permit filing with the New York City Commission on Human Rights to satisfy the filing requirement with the EEOC. *See Williams v. Wash. Metro. Area Transit Auth.,* 721 F.2d 1412, 1415–17 (D.C.Cir.1983); *State Div. of Human Rights v. County of Monroe,* 88 Misc.2d 16, 18, 386 N.Y.S.2d 317, 320 (Sup.Ct. Monroe County 1976). Plaintiff states in his complaint that he does not believe that the defendants are continuing to discriminate against him. (Complaint ¶ 11.) Furthermore, there are no allegations of a discriminatory policy or mechanism that would qualify for the continuing violation exception. *See Lambert,* 10 F.3d at 53.

■ Plaintiff also argues that he should be permitted to bring this action because the EEOC issued him a right-to-sue letter on August 12, 1994 that states that he could bring an action in federal court if he filed within 90 days. The fact that the EEOC issued a right-to-sue letter does not authorize a suit that is otherwise precluded by the statute. *Cooper,* No. 86 Civ. 9532, 1988 WL 87512, at *2. In essence, Title VII imposes two timing requirements on a potential plaintiff: (1) timely filing of the charge with the EEOC *and* (2) filing with federal court within 90 days of the right-to-sue letter. *Id.* (citing *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1018, 39 L.Ed.2d 147 (1974)).

Accordingly, the defendant's motion to dismiss the plaintiff's Title VII claim is granted. Because plaintiff's complaint was filed pro se, the complaint is dismissed without prejudice to replead within 60 days if plaintiff can allege that the limitations period was met or assert a valid reason for tolling it. *See Mian*

*v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1087 (2d Cir.1993) ("[W]e think the district court should not have dismissed [plaintiff]'s complaint with prejudice, but should have given him the opportunity to amend his complaint in light of the policy to liberally construe civil rights complaints, and especially because this complaint was filed by a pro se plaintiff.") (citations omitted).

## II. *Plaintiff's Section 1981 et seq. Claim*

 To the extent that plaintiff attempts to allege a violation of 42 U.S.C. § 1981 *et seq.*, the allegations are insufficient to state a cause of action under any possible provision. A claim under section 1981 requires a plaintiff to allege:

> (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).

*Mian,* 7 F.3d at 1087. Plaintiff's complaint neither states his race nor contains allegations to satisfy any of the other requirements of section 1981. Section 1982 only applies to claims involving "the lease, sale, use or conveyance of real or personal property," none of which are alleged here. *See Prompt Courier Serv., Inc. v. Koch,* No. 89 Civ. 3053, 1990 WL 100904, at *6 (S.D.N.Y. July 13, 1990). Section 1983 requires a plaintiff to allege a deprivation of a federal constitutional or statutory right by a person acting under color of law. *See, e.g., Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). Plaintiff's complaint does not contain any such allegations. Section 1985 requires a showing of a conspiracy for the purpose of depriving a person of certain civil rights and an act in furtherance of the conspiracy which results in an injury or deprivation. *See Mian,* 7 F.3d at 1087–88. Plaintiff does not allege a conspiracy or any of the other elements of a section 1985 claim. Section 1986 requires a showing that a person possesses knowledge of conduct violative of section 1985, power to prevent such conduct, and a failure to do so. *See Mian,* 7 F.3d at 1088.

Plaintiff also fails to allege facts supporting any such claim.

Accordingly, the complaint against the defendants under section 1981 *et seq.* is dismissed without prejudice to replead within 60 days.

Because of the resolution of these issues pursuant to Rule 12(b)(6), the Court does not address the other claims raised in defendants' motion to dismiss.

SO ORDERED.