**Lucy FILS–AIME, also known as Lucille Fils–Aime, Plaintiff,**

v.

**CHASE MANHATTAN BANK, N.A., now known as The Chase Manhattan Bank, Defendant.**

**No. 98 CIV. 7242(JSR).**

United States District Court, S.D. New York.

Sept. 30, 1999.

Lucy Fils–Aime, pro se.

Belinda Palmer, New York City, for defendant.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

On September 3, 1999, the Honorable Douglas F. Eaton, U.S.M.J., filed a Report and Recommendation recommending that

er them without the benefit of adequate brief-    ing.

defendant's motion to dismiss the Complaint be granted. Plaintiff timely filed her objections to Judge Eaton's recommendations and the Court thereupon undertook a *de novo* review of the underlying record. *See* Fed.R.Civ.P. 72(b). Based on that review, the Court determines that Judge Eaton's conclusions are correct and that defendant's motion to dismiss must be granted.

Plaintiff's claims are brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). To qualify to bring suit under Title VII, a plaintiff must first file a complaint with the Equal Employment Opportunity Commission ("EEOC") within a specified period of time. If a plaintiff takes no other action, that time is 180 days after the occurrence of the alleged unlawful practice; but if plaintiff initially institutes timely proceedings with a state or local agency, the EEOC filing period is extended to 300 days. *See* 42 U.S.C. § 2000e–5(e)(1). Here, the last employment practice complained of, plaintiff's termination, occurred on June 26, 1995. While, some 275 days later, on March 26, 1996, she filed a charge with the New York State Division of Human Rights ("NYSDHR") it was not until May 12, 1998, or 1,050 days after her termination, that she filed with the EEOC.

While her suit was therefore seemingly time-barred, plaintiff argued to Judge Eaton that she qualified for relief under the doctrine of equitable tolling. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708 (2d Cir.1996). For example, plaintiff claimed that the psychiatric problems she allegedly experienced after being terminated excused her failure to timely file with the EEOC. *Report* at 6–7. After carefully considering plaintiff's arguments, Judge Eaton rejected equitable tolling in her case for reasons this Court finds compelling and persuasive, and which it hereby adopts by reference.

■ Only one point raised in plaintiff's objections merits further mention. One of plaintiff's arguments for equitable tolling is her contention that the NYSDHR led her to believe that her state filing would also automatically constitute a filing with the EEOC (a situation sometimes referred to as "dual filing" or "dual control"). *See Morris v. Northrop Grumman Corp.,* 37 F.Supp.2d 556 (E.D.N.Y.1999); *see also Williams v. Washington Metro. Area Transit Auth.,* 721 F.2d 1412, 1415 (D.C.Cir.1983); *Perezic v. Crespo,* 902 F.Supp. 438, 441 (S.D.N.Y.1995). When this issue was before Judge Eaton, defendant had alleged that plaintiff had told the NYSDHR that she did not want "dual control," to which plaintiff had unequivocally responded that she *"did not speak with anyone* at the [NYSDHR] concerning dual control." *Report* at 8 (emphasis added). Turning about-face, plaintiff now alleges to this Court that she not only spoke to the NYSDHR about dual control but that the agency orally informed her that her claim would be automatically cross-filed with the EEOC. Pl's *Objections* ¶¶ 2–3.

■ Although federal law permits a district court to consider new evidence submitted in response to a Report and Recommendation, *see* 28 U.S.C. § 636(b)(1), it by no means requires a court to do so, placing this determination within the court's discretion, *see Hynes v. Squillace,* 143 F.3d 653, 656 (2d Cir.1998). In fact, "[c]onsiderations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration." *Id.* at 656; *see also Borden v. Secretary of H.H.S.,* 836 F.2d 4, 6 (1st Cir.1987) (per curiam) (plaintiff waived argument by failing to present it to magistrate); *Singh v. Superintending Sch. Comm.,* 593 F.Supp. 1315, 1318 (D.Me.1984) ("all parties are required to take before [the magistrate], not only their 'best shot' but all of their shots"). Here, plaintiff's sudden about-face underscores the wisdom of these policies, for to allow her to circumvent an adverse determination below by suddenly alleging facts that completely contradict

what she alleged previously would undermine both the efficient use of judicial resources and those very equitable principles on which she seeks to rely. The Court therefore declines to consider plaintiff's new evidence.[1]

The Court has carefully considered the other arguments raised by plaintiff as to each of her causes of action and finds them to be without merit. Accordingly, the Court hereby incorporates by reference the Report and Recommendation of Magistrate Judge Eaton and, for the reasons articulated therein and those set forth above, adopts its recommendation and grants defendant's motion to dismiss the Complaint. Clerk to enter Judgment.

SO ORDERED.

1. This includes not only plaintiff's untimely proffer of supposed conversations with the NYSDHR but also her equally untimely offer of a "1998 Worksharing Agreement" between the NYSDHR and the EEOC. Moreover, that Agreement, if it has any applicability at all to what happened two years earlier, shows only that an NYSDHR claimant must affirmatively elect dual filing, failing which it will not occur.