**George WATSON, Jr., Plaintiff,**

**v.**

**DOMINICAN COLLEGE, 470 Western Highway, Orangeburg, New York, and Deron School, Montclair, New Jersey, Defendants.**

**No. 99 Civ.1938 (BDP).**

United States District Court, S.D. New York.

Nov. 18, 1999.

---

George Watson, Jr. Farmingdale, NJ, pro se.

Jerry N. Friedland, Friedland & Diamond, Roseland, NJ, for defendants.

## MEMORANDUM DECISION AND ORDER

BARRINGTON D. PARKER, Jr., District Judge.

Plaintiff George Watson, Jr. commenced this action against Dominican College and the Deron School alleging violations under the Fourteenth Amendment, 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988 and various New York and New Jersey laws,[1] for discrimination on the grounds of his race, sex

---

1. The plaintiff's Amended Complaint has dropped its claims against the individual defendants and its claims brought pursuant to Title VII and the Americans with Disabilities Act ("ADA"). In any event, this Court lacks subject matter jurisdiction over any claims under Title VII or the ADA because they are untimely. *See Perezic v. Crespo*, 902 F.Supp. 438, 441 (S.D.N.Y.1995); *Spira v. Ethical Culture School*, 888 F.Supp. 601, 602 (S.D.N.Y. 1995).

and disability. The defendants now move to dismiss the amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court is obligated to construe the pleadings in the plaintiff's favor and accept as true the well pled allegations in the complaint. *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998). Further, where a plaintiff proceeds *pro se,* a court must construe the complaint liberally and " 'interpret [it] to raise the strongest arguments that [it] suggest[s].' " *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)); *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir.1999) ("a *pro se* complaint is to be read liberally"). "Though a court need not act as an advocate for *pro se* litigants, in *pro se* cases there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly,* 160 F.3d 917, 922 (2d Cir.1998). The following facts are accordingly construed.

Watson, an African American male claims that while employed at the Deron School, children of color complained to him about inappropriate and abusive language used by while male teachers towards them. Watson brought this behavior to the attention of the vice principal, yet the situation did not change. Watson alleges that he was then told that his program would be discontinued and he was not given a contract for the next year. Watson also alleges that he should have been on the committee formed to organize a library, but despite the fact that he was certified as a librarian, the position was given to someone else.

At Dominican College, Watson was a student in the Masters of Science in Education program and employed at the college as a library clerk. He alleges that the owners of the Deron School and the administrators of the masters program at Dominican College conspired to terminate his employment at Deron and his status as a student at Dominican. Watson contends that white students were allowed to submit their school work twice if the first submission were not satisfactory, but African American students were allowed to submit their work only once. He further alleges that as an African American employee he was not treated the same as white employees at Dominican. Watson claims that when he told Dominican about problems with his eyesight, he received no accommodation and his supervisors in the library continued to harass him. He also alleges that he was given the grades of "Ds" and "Fs" so that he would be dropped from the program in furtherance of the conspiracy. Also because of the grades he received he was no longer able to qualify for financial aid. Essentially, Watson maintains that he was denied financial aid and subjected to unfair treatment in his classes and employment due to his race and disability.

## DISCUSSION

To establish a claim under 42 U.S.C. § 1981, a plaintiff must allege sufficient facts to support the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (in this case the making and enforcing of contracts). *See Mian v. Donaldson, Lufkin & Jenrette Securities Corp.,* 7 F.3d 1085, 1087 (2d Cir.1993). Here, given the liberal construction a *pro se* plaintiff's complaint is to be given, Watson has alleged sufficient facts to allege a § 1981 claim against the Deron School. His complaint states that after complaining to the administration regarding the abusive language used by white teachers to the children of color, he was not given a contract for the next year.

To state a claim under § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States. *Snider v. D. Dylag*, 188 F.3d 51, 53 (2d Cir.1999) (citing *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir.1993)). Watson has alleged no facts for this Court to conclude that he has stated a claim under § 1983. Accordingly, all claims under this section are dismissed.

To state a claim under § 1985(3), a plaintiff must allege (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *See Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir.1999). A conspiracy need not be shown by proof of an explicit agreement but can be established by showing that the parties have a tacit understanding to carry out the prohibited conduct. *Id.* (quotations omitted). Furthermore, the conspiracy must also be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* Reading the Amended Complaint liberally, this Court holds that it states a claim under § 1985(3).

Section 1986 "provides a cause of action against anyone who 'having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so.'" *Mian*, 7 F.3d at 1088 (quoting *Katz v. Morgenthau*, 709 F.Supp. 1219, 1236 (S.D.N.Y.), *aff'd in part* and *rev'd in part* on other grounds, 892 F.2d 20 (2d Cir. 1989)). Thus, a § 1986 claim must be predicated upon a valid § 1985 claim. *See id.* Here, giving the Amended Complaint a liberal reading, Watson has alleged sufficient facts to state a claim under § 1986.

### CONCLUSION

For the reasons stated above the plaintiff's claim pursuant to 42 U.S.C. § 1983 is dismissed. The defendants' other grounds for dismissal are denied without prejudice.

**SO ORDERED**