Anne L. BERNSTEIN, Plaintiff,

v.

THE MONY GROUP, INC., and its predecessor, Mutual of New York, Michael I. Roth, individually, and in his official capacity, Samuel J. Foti, individually, and in his official capacity, Ashok P. Pradhan, individually, and in his official capacity, Stephen J. Hall, individually, and in his official capacity, Richard E. Connors, individually, and in his official capacity, and John Cecere, individually, and in his official capacity, Defendants.

No. 01 CIV. 3958(RMB).

United States District Court,
S.D. New York.

Oct. 17, 2002.

Paul C. Kurland, Esq., Michael Wexelbaum, Esq., Snow, Becker, Krauss, P.C., New York, for plaintiff.

Ronald M. Green, Esq., Donald Krueger, Esq., New York, for defendant.

## ORDER

BERMAN, District Judge.

### I. Introduction

Plaintiff, Anne L. Bernstein ("Bernstein" or "Plaintiff"), the former National Director of Emerging Markets of the MONY Group, Inc. ("MONY"), filed a complaint on May 9, 2001 ("Complaint"), and amended complaint on or about November 21, 2001 ("Amended Complaint") seeking damages and declaratory and injunctive relief for alleged employment discrimination and breach of contract against Defendants MONY and six MONY employees ("Individual Defendants"), Michael I. Roth, Chairman and Chief Executive Officer, Samuel J. Foti, President ("Foti"), Ashok P. Pradhan, Regional Vice-President/Agency Manager ("Pradhan"), Stephen J. Hall, Senior Vice-President (Sales) ("Hall"), Richard E. Connors, Senior Vice-President (Marketing) ("Connors"), and John Cecere, Vice-President of Market Development ("Cecere"). The Amended Complaint sets forth, against all Defendants, claims of: (i) discrimination on the basis of gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII discrimination claims"); (ii) retaliation for preparing a plan to better recruit and mentor women for positions at MONY in violation of Title VII ("Title VII

retaliation claims"); (iii) violation of the Equal Pay Act of 1963 ("Equal Pay Act"), 29 U.S.C. § 206(d) ("Equal Pay Act claims"); (iv) discrimination on the basis of gender in violation of the New York State Human Rights Law, N.Y. Exec. Law § 291 *et seq.* ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8–107 ("NYCHRL"); (v) retaliation in violation of NYSHRL and NYCHRL; (vi) breach of contract; and (vii) promissory estoppel.

On or about December 3, 2001, Defendants moved to dismiss ("Defs.' Mem."), pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 12(b)(6), all of Plaintiff's claims. On or about February 1, 2002, Plaintiff opposed the instant motion ("Pl's.Opp.") and, on or about February 8, 2002, Defendants filed a reply memorandum. Oral Argument was held on October 17, 2002. **For the reasons set forth below, the Court grants Defendants' motion to dismiss in its entirety.**

## II. Standard of Review

■ A court may dismiss an action pursuant to Rule 12(b)(6), only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief.' " *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In ruling on the sufficiency of the pleadings, the court "must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). The issue to be resolved by the court is not whether the plaintiff will ultimately prevail on his or her claim; it may, in fact, appear on the face of the pleadings that a recovery is unlikely. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The test is whether or not the plaintiff is entitled to offer evidence in support of the allegations in his or her complaint. *Id.* In considering the sufficiency of the pleadings, the Court is "limited to the factual allegations in plaintiff's ... complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit." *McNulty v. New York City Dep't of Fin.,* 941 F.Supp. 452, 453 (S.D.N.Y.1996) (quoting *Brass v. Am. Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993)).

■ "[A]n employment discrimination complaint ... must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) (quoting Fed.R.Civ.P. 8(a)(2)). To survive a motion to dismiss, "[a]n employment discrimination plaintiff need not plead a prima facie case of discrimination," *id.* at 999, 122 S.Ct. 992, and must only " 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Id.* (quoting *Conley,* 355 U.S. at 47, 78 S.Ct. 99).

## III. Analysis

The facts set forth in the Amended Complaint are accepted as true.

### A. Title VII discrimination claims

"An aggrieved employee has 300 days from the time when he or she knew or should have known of an adverse employment decision to file a charge of discrimination with the EEOC." *Commodari v. Long Island Univ.,* 89 F.Supp.2d 353, 369 (E.D.N.Y.2000) (citing 42 U.S.C. § 2000e–5(e)(1) (1994); *Harris,* 186 F.3d at 247 n. 2). Plaintiff filed her EEOC Charge on February 24, 2000. Acts or events that

occurred before April 30, 1999, therefore, are time-barred, unless Plaintiff is able to establish a "continuing violation." Plaintiff alleges, among other things, that Defendants failed to promote her to the position of Assistant Vice President in 1997, failed to promote her to a Managing Director position in 1998, and failed to promote her to a new position in recruiting and marketing in April and May 1999. Am. Compl. ¶ 41(d),(g),(i).

■ A plaintiff can establish a continuing violation if he or she can provide "proof of specific ongoing discriminatory policies or practices or ... specific and related instances of discrimination [which] are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir.1994). Once a continuing violation is established, "all claims of discrimination under [the discriminatory policy] will be timely even if they would be untimely standing alone." *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir.1993). "As a general rule, courts in the Second Circuit have viewed continuing violation arguments with disfavor." *Curtis et al v. Airborne Freight Corp.*, 87 F.Supp.2d 234, 244 (S.D.N.Y.2000) (citing *Rose v. Port Auth. of N.Y. and N.J.*, 13 F.Supp.2d 516, 520 (S.D.N.Y.1998).

Allegations of an ongoing discriminatory policy at MONY are inadequately stated in the Amended Complaint. Am. Compl. ¶ 42. *See Moscowitz v. Brown*, 850 F.Supp. 1185, 1190 (S.D.N.Y.1994) ("Despite the liberality of [the motion to dismiss] standard, only the 'well-pleaded' factual allegations will be taken as true. Baldly conclusory statements that fail to give notice of the basic events of which the plaintiff complains need not be credited by the court.") (citations omitted).

■ The U.S. Supreme Court recently explained that "discrete discriminatory acts are not actionable if time-barred, even where they are related to acts alleged in timely filed charges .... Each incident of discrimination and each retaliatory adverse action constitutes a separate actionable 'unlawful employment practice.' " *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 2072–73, 153 L.Ed.2d 106 (2002). "Termination, failure to promote, denial of transfer, or refusal to hire" are all discrete acts. *Morgan*, 536 U.S. at ——, 122 S.Ct. at 2072. "This is particularly true where ... the [acts] were taken by different supervisors in different departments." *Crosland v. City of N.Y.*, 140 F.Supp.2d 300, 308 (2001). *See Gross v. Nat'l Broad. Co.*, 232 F.Supp.2d 58 (S.D.N.Y.2002) (Scheindlin, J.) ("There is no indication that the term 'practice' as used in Title VII 'converts related discrete acts into a single unlawful practice for the purposes of timely filing.' ") (quoting *Morgan*, 536 U.S. at ——, 122 S.Ct. at 2071).

■ Plaintiff has failed to establish a continuing violation. The discriminatory acts alleged by Plaintiff—i.e. the failure to promote her to the position of Assistant Vice President in 1997, the failure to promote her to a Managing Director position in 1998, and the failure to create and promote her to a new position in recruiting and marketing in 1999, are discrete acts and separately actionable. *See Morgan*, 536 U.S. at ——, 122 S.Ct. at 2072 ("failure to promote is a discrete act"). They do not form the basis of a continuing violation. *Id.; see also Gross*, 232 F.Supp.2d at 67 ("The holding in *Morgan* is in accord with Second Circuit law which states that alleged failures to compensate adequately, transfers, job assignments, and promotions cannot form the basis for a continuing violation claim."); *Coffey v. Cushman & Wakefield*, No. 01 Civ. 9447, 2002 WL 1610913 (S.D.N.Y.2002) (Koetl, J.) (the

"statute of limitations ... begins to run when each discrete and retaliatory act occurs, including each unlawful termination, denial of transfer, failure or refusal to hire or other related acts that discriminate against an individual ... because of her sex ... [and] thus bars relief even if [such acts] are related to other actionable conduct that is not time-barred and might otherwise be considered part of a continuing violation.").

The only non-time-barred claim of discrimination alleged by Plaintiff is Defendants' failure to promote her to a new position in recruiting and marketing, and that claim, as noted below, should be dismissed on the merits. *See Harris*, 186 F.3d at 250 ("the claimant must allege both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy"); *see also Delaware State Coll. v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) ("The emphasis is not upon the effects of earlier employment decisions; rather, it 'is [upon] whether any present *violation* exists.'") (quoting *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977))(emphasis in original); *Favia v. New York City Bd. of Educ.*, No. 99 Civ. 4608, 2000 WL 1229885, at *3 (S.D.N.Y. Aug. 29, 2000) ("conclusory remark that the discrimination against her continues today is insufficient to allege a continuing violation").

**Failure to Promote**

■ Plaintiff's allegations concerning Connors' failure in April and May 1999 to "create an opportunity" for Plaintiff in recruiting and marketing do not support a claim of discrimination. Am. Compl. ¶ 41(i). Plaintiff "sought to establish herself in the areas of recruiting and marketing [and].... repeatedly asked defendant Connors to create an opportunity for her in these areas." *Id.* Plaintiff "assisted [Connors] in preparing and proposing appropriate job descriptions." *Id.* Yet, Plaintiff has not alleged, among other things, that any position "in recruiting and marketing" was ever created or that she was rejected from such position. *Id.; See Johnson v. City Univ. of N.Y.*, No. 00 Civ. 4964, 2002 WL 1750841, at *4 (S.D.N.Y. July 24, 2002) (plaintiff failed to provide Defendant "fair notice of ... the grounds upon which [his claim] rests" when he did not "indicate for which available position [Defendant] failed to hire him"). *See also Brown v. Coach Stores, Inc.* 163 F.3d 706, 709 (Plaintiff's "failure to apply and be rejected for a specific position ... is fatal to her failure to promote ... claims").

**B. Title VII retaliation claims**

All of the alleged retaliatory acts that occurred before April 30, 1999, i.e. in alleged retaliation for Plaintiff's attempts to recruit and mentor women at MONY, are time-barred. None of the incidents of retaliation which could support Plaintiff's Title VII retaliation claim-i.e., the "angry" e-mails received from Defendant Foti in 1998, being shunned by her supervisors and the cutting of Plaintiff's program budget in 1998, and the failure to consider Plaintiff for a position as Managing Director in 1998—are alleged to have occurred during the limitations period. *See Harris*, 186 F.3d at 250 ("the claimant must allege both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy"); *Carrasco v. New York City Off–Track Betting Corp.*, 858 F.Supp. 28 (S.D.N.Y.1994) (dismissing claim for failure to plead "at least one discriminatory act pursuant to the [alleged continuing] policy" within the limitations period).

**C. Title VII claims against the Individual Defendants**

■ Plaintiff concedes that, "[u]nless this Court is willing to depart from the

majority ruling currently in effect in the Second Circuit, the Individual Defendants have no personal liability under Title VII." Pl's. Opp. at 17 (emphasis omitted). *See Salvatore v. KLM Royal Dutch Airlines,* No. 98 Civ. 2450, 1999 WL 796172, at *7 (S.D.N.Y. Sept. 30, 1999) (In *Tomka v. Seiler Corp.,* 66 F.3d 1295, "the Court of Appeals held that defendants with supervisory control over a plaintiff may not be held individually, or personally, liable under Title VII.... the weight of authority in this circuit has leaned decidedly against permitting individual defendants to be sued in their official capacities.") (citing cases).

### D. Equal Pay Act claims

■ Defendants contend that "Plaintiff's Equal Pay Act claim should be dismissed because it is not pled with sufficient specificity, nor is it timely." Defs.' Mem. at 16. Plaintiff alleges that "[t]he Defendants violated the Equal Pay Act by paying higher wages to male employees doing equal work with female employees in jobs requiring equal skill, effort and responsibility under similar working conditions." Am. Compl. ¶ 65. *See also* Am. Compl. ¶ 41(d) ("The Plaintiff did not receive income on par with the men hired to positions similar to hers and which entailed equal work, skill, effort and responsibility."). Plaintiff does not specifically detail the time periods nor the positions at which female employees received lower wages, and consequently fails to provide "fair notice" to Defendants of her claims under the Equal Pay Act. *See Brusseau v. Iona Coll.,* No. 02 Civ. 1372, 2002 WL 1933733, at *1 (S.D.N.Y. Aug. 21, 2002) (confirming that the *Swierkiewicz* "fair notice" standard "applies to discrimination cases," including claims under the Equal Pay Act); *Swierkiewicz,* 122 S.Ct. at 999 (complaint "detail[ing] events leading to [petitioner's] termination, provid[ing] relevant dates, and including [information] on

at least some of the persons involved with [petitioner's] termination" required to give respondent "fair notice").

### E. NYSHRL, NYCHRL, Breach of Contract and Promissory Estoppel Claims

■ The Court declines to exercise supplemental jurisdiction over Plaintiff's state and local law claims in light of the dismissal of all of the Plaintiff's federal causes of action. *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("[I]f the federal claims are · dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *see also* 28 U.S.C. § 1367(c)(3) (codifying existing case law and giving district courts discretion to decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction ...").

### IV. Conclusion and Order

For the foregoing reasons, the Court grants Defendants' motion to dismiss the Amended Complaint in its entirety. Plaintiff may move for leave to amend the Amended Complaint within twenty (20) days of the date of this Order.