Joseph A. Sarafite, J.
This is a motion to dismiss the complaint pursuant to subdivisions 1 and 2 of rule 107 and subdivisions 2 and 4 of rule 106 of the Rules of Civil Practice.
This case arises out of a complaint filed with the New York City Commission on Intergroup Relations (.since replaced by the Commission on Human Rights) which complaint charged that defendants had refused to rent an apartment to the complainant solely because of her race. The present action was instituted by the city to restrain defendants from further discrimination against complainant and from further violations of local laws.
Defendants move to strike the complaint pursuant to subdivision 1 of rule 107 on the ground that this court has no jurisdiction over the subject matter of the action, and pursuant to subdivision 2 of rule 107 on the ground that plaintiff herein does not have the legal capacity to sue.
The underlying basis of both contentions is that article 15 of the Executive Law of the State of New York, as amended April 11, 1961, has vested exclusive jurisdiction of the subject matter of the complaint in the State Commission against Discrimination. Defendants argue, therefore, that Local Law No. 80 of the City of New York for the year 1957 as amended (forming title X of chapter 41 of the Administrative Code of the City of New York) and Local Law No. 55 of the City of New York for the year 1955, as amended (forming title B of chapter 1 of the Administrative Code) which created the Commission on Human Rights are invalid, as being an unconstitutional usurpation of powers vested solely in the State.
In support of the contention that the Legislature intended to delegate to the State agency exclusive jurisdiction over the subject of discrimination in residential housing in the State, defendants rely on subdivision 5 of section 296 and sections 297 and 298 of the Executive Law, upon a statement by Governor Rockefeller when he .signed the bill creating the State agency, upon a recent enactment of the State Legislature dated April 16, 1963 (L. 1963, eh. 376) giving permission to cities to establish commissions on human relations, and finally, upon the case of *549 Wholesale Laundry Bd. of Trade v. City of New York (17 A D 2d 327, affd. 12 N Y 2d 998). None of these authorities, however, support defendants’ contention.
The Legislature has not indicated an intent to pre-empt the field of discrimination in housing. Sections 296 (suhd. 5), 297 and 298 of the Executive Law nowhere state or indicate an intent to reserve to the State exclusive power in this field.
In signing the above legislation the Governor made a statement upon which defendants rely heavily in their argument on legislative intent. Their interpretation of that statement is proven incorrect by an examination of subsequent legislation, upon which defendants also mistakenly rely. Chapter 376 of the Laws of 1963, the legislation in question, permits counties, cities, villages and towns to create a commission on human relations. By enacting this law, the Legislature has conclusively demonstrated its intention not to grant exclusive jurisdiction in this field to the State. This legislation is not limited to New York City, which prior to such legislation, had authority to set up such a body, but is also applicable to other cities which may not have had such authority.
Nor is Wholesale Laundry Bd. of Trade v. City of New York (supra) decisive of the issue presented. In that case the local law held invalid violated the City Home Buie Law, which explicitly prohibited a city from passing any amendment to the Labor Law. Here, the city is not prohibited from enacting fair housing practice laws. In the Wholesale Laundry Bd. of Trade case the city attempted to legislate in an area in which the State had already set forth a State-wide policy. Here, the city passed legislation in the fair housing practices area over three years before the State acted. Moreover, in that case it appears that the city was trying to prohibit something allowable under State law. Such is not the situation here.
“ The Constitution of the State (art. IX, § 12), the City Home Buie Law (§ 11, subd. 2) and the New York City Charter (§ 27) have conferred upon the City Council broad legislative power to provide by local law for the preservation and promotion of the health, safety and general welfare of its inhabitants ” (People v. Lewis, 295 N. Y. 42, 49). Therefore, under the grant of police power, the city has authority to enact laws prohibiting discrimination in housing. Here, the local law merely supplements the State law. It does not prohibit that which the State law permits, nor does it allow that which the State forbids. Therefore, “ Laws dealing with the same subject matter are not necessarily incompatible because not identical. Indeed, in this case they are entirely consistent, and conclusion follows that *550 the local law is valid ” (People v. Lewis, supra, p. 51; see, also, the dissenting opinion in Wholesale Laundry Bd. of Trade v. City of New York, 12 N Y 2d 998, 999).
The motion to dismiss the complaint pursuant to subdivisions 1 and 2 of rule 107 is accordingly denied.
The defendants also move to dismiss the complaint pursuant to subdivisions 2 and 4 of rule 106. The complaint does not allege that the city has legal capacity to sue, nor does it clearly demonstrate that the jurisdictional requirements for the commencement of this action were complied with. This motion is therefore granted, with leave to plaintiff to serve an amended complaint within 20 days after service of a copy of the order with notice of entry thereof.