Charles A. Bradley, Esq. Corporation Counsel, White Plains
You have asked whether a city, as part of its fair housing regulations, may grant the power to issue subpoenas to the commission investigating housing discrimination complaints.
Subpoenas may be issued by "any member of a board, commission or committee authorized by law to hear, try or determine a matter or do any other act, in an official capacity, in relation to which proof may be taken or the attendance of a person as a witness may be required" (CPLR, § 2302[a]).
You have cited a previous opinion of this office concluding that a human rights commission established under the General Municipal Law could not be given subpoena power (1974 Op Atty Gen [Inf] 160). That opinion concluded that the power to issue subpoenas derives from section 2302(a) of the CPLR and that since the General Municipal Law did not authorize a human rights commission to take proof, the commission possessed no subpoena power.
We believe that a local government by local law may exercise its police power to establish regulations prohibiting discrimination in housing (Municipal Home Rule Law, § 10[1][ii][a][12]). The State Human Rights Law does not preempt the field of discrimination of housing (City of NewYork v Claflington, Inc., 40 Misc.2d 547 [Sup Ct, Spec Term, 1963]; 1968 Op Atty Gen [Inf] 98). The Human Rights Law is not the exclusive remedy for housing discrimination (Executive Law, § 300; Moran v Simpson,80 Misc.2d 437 [Sup Ct, Livingston Co, 1974]). A local law not inconsistent with State or Federal anti-discrimination laws would, therefore, be valid (City of New York v Claflington, Inc., supra, pp 549-550; 1968 Op Atty Gen [Inf] 98). The local legislature may include in a local anti-discrimination law provisions for its enforcement by any officer or agency of the local government (Municipal Home Rule Law, § 10[4]). We believe that such a local law, under this authority, can authorize the taking of proof by the officer or agency charged with investigation of complaints or with enforcement.
Once a local law has been adopted prohibiting discrimination in housing and authorizing the taking of proof by an officer or agency charged with its enforcement, such officer or agency would have subpoena power under section 2302(a) of the CPLR.
We conclude that a local government officer or agency authorized by local law to require the production of proof in the investigation of a complaint of discrimination in housing, may, under section 2302(a) of the CPLR, issue subpoenas to compel the production of proof.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.