*828 OPINION OF THE COURT
Joseph J. Maltese, J.
The petitioner, Therese E Okoumou, a Congolese immigrant, seeks judicial review and reversal of a determination made by the New York City Commission on Human Rights which found that there was no probable cause to believe that the respondents, Community Agency for Senior Citizens, Inc. (CASC), Linda Mandella, and Nicholette Olivak-Wright, engaged in discriminatory practices against the petitioner. The Commission seeks dismissal of the petition because it was filed beyond the time provided by the Commission.
Before reviewing the merits of the petition, the initial issue to be determined is whether the Commission has the inherent power to create a shorter — 30-day—time period in which to allow a proceeding challenging a decision of the Commission in the New York State Supreme Court, when the New York State Legislature, in Civil Fractice Law and Rules § 217, grants a four-month period in which to seek judicial review of an administrative decision. This court concludes that under the “home rule” provisions of the New York State Constitution and the Municipal Home Rule Law,[1] the New York City Council may establish its own statute of limitations for seeking judicial review or appeals of decisions of a New York City commission or agency.
Facts
On December 2, 2005 the petitioner, Therese E Okoumou, pro se, filed a verified administrative complaint with the Commission alleging that:
“Respondent Wright subjected] Complainant to disparate treatment including, but not limited to, treating Complainant in a demeaning manner, affirming Respondent Mandella’s actions, placing Complainant under the supervision of the Assistant Directors and Mandella, over scrutinizing Complainant’s work and threatening to discharge Complainant for complaining of discrimination. Upon information and belief, Respondent Wright does not treat non-Black employees and/or non-Congolese employees who have not opposed discrimination in the same manner.”
Upon receiving the complaint, the Commission conducted an investigation, and in a four-page, single-spaced decision, *829 determined that there is “no probable cause” to believe that the respondents engaged in the unlawful discriminatory practices alleged in the complaint. The initial decision of the Commission outlined the entire employment history the petitioner had with CASC, including each of her assignments and duties. Additionally, the decision outlines the various incidents that the complainant alleges constitute her discrimination claim. The Commission provides that a complaint must be filed with the Commission within one year of the alleged unlawful discriminatory practice.[2] Since Okoumou filed her complaint with the Commission on December 2, 2005, any allegations relating to incidents that took place before December 2, 2004 were deemed untimely and not within the jurisdiction of the Commission. Therefore, the only issue of the petitioner’s complaint before the Commission involved her termination of employment from CASC. While the Commission dismissed the complaint because it was beyond the one-year period in which to file the complaint, it nevertheless investigated all of the complainant’s allegations of discriminatory treatment as a precedent to complainant’s claim of discriminatory and retaliatory termination.
The Commission’s initial decision detailed a summary of the incidents which the petitioner claims to be discriminatory and retaliatory. Notably, the petitioner states that she was discriminated against because she was required to verify her eligibility to work in the United States and her probationary period was extended by 30 days. CASC and its employees conducted an internal investigation consisting of employee interviews and a review of documents presented by both the petitioner and her supervisors. Apparently, the agency ascertained that Okoumou’s resident alien “green card” had expired. Additionally, with respect to the required verification of her work eligibility, the complainant was informed that federal law required the respondent agency, CASC, and its employees, to have the complainant complete an “1-9” form and that the “motivation was not based on animus against her because she is African.” The Commission ultimately concluded that there was no correlation between the respondents’ actions and complainant’s race or national origin.
The Commission noted that the complainant was terminated by CASC on December 3, 2004 based upon her failure to follow supervisory directives, her confrontational attitude, and her inaccuracy regarding the number of hours of case assistance she *830 provided to senior citizens. The Commission found that “neither Complainant’s race, national origin, nor allegations of discriminatory animus were motivating factors for her discharge. Rather, the Respondents decided to terminate Complainant’s employment for legitimate non-discriminatory business reasons.” The Commission dismissed the complaint on May 12, 2006.
Upon receipt of the Commission’s order stating that there was “no probable cause,” the complainant requested an appeal to the Chair of the Commission on Human Rights stating that she had retained an attorney who had wronged her by not drafting a rebuttal to CASC’s answer. The Chair of the Commission accepted the appeal and on June 9, 2006 issued a scheduling order, which solicited additional comments, if any, from the complainant, respondents, and the enforcement bureau. On August 17, 2006, the Chair of the Commission on Human Rights affirmed the prior determination and order after investigation, dismissing the complaint. The cover letter and the order that were served upon the petitioner on August 18, 2006 stated that “pursuant to § 8-123 (h) of the Administrative Code of the City of New York, complainant has 30 days after service of the order to seek review in New York State Supreme Court.”
On September 13, 2006, within 30 days of receipt of the decision by the Chair of the Commission, the petitioner, pro se, commenced this special proceeding by filing and serving an order to show cause against the Community Agency for Senior Citizens, Inc., Linda Mandella, and Nicholette Olivak-Wright. The petitioner served her petition upon the New York City Law Department, but the New York City Commission on Human Rights was not named as a respondent at that time. On December 6, 2006, after learning that the Commission was a necessary party to the proceeding, the petitioner served an amended petition naming the Commission as a respondent. However, the amended petition was served after the 30-day statute of limitations provided in Administrative Code § 8-123 had expired, but within the four months allowed under CPLR 217.
Discussion
CPLR 217 (1) states in pertinent part:
“Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four *831 months after the determination to be reviewed becomes final and binding upon the petitioner or the person whom he represents in law or in fact, or after the respondent’s refusal, upon the demand of the petitioner or the person whom he represents, to perform its duty; or with leave of the court where the petitioner or the person whom he represents, at the time such determination became final and binding upon him” (emphasis added).
Generally, the “four month” statute of limitations applies in CPLR article 78 proceedings. However, Professor David Siegel in his treatise, New York Practice, notes that practitioners must be very mindful because “CPLR 217 (1) defers to any statute that requires that a given Article 78 proceeding be brought in less than four months.”[3] In other words, the four months of CPLR 217 (1) will apply only if there is nothing specific addressed to the particular proceeding.
Violating a statute of limitations can be detrimental to a petitioner’s case. Justice Ira Gammerman of the New York Supreme Court in New York County dismissed the late claim of Alton Maddox, a noted civil rights attorney, because an appeal of a Commission decision is not an article 78 proceeding and, therefore, is not entitled to the four-month statute of limitation.[4] The shortening of this already small four-month window raises an issue that merits some discussion. Petitioners, particularly pro se litigants, who bring a discrimination case without the aid of a lawyer, are especially vulnerable to this potential trap. It may be argued that commissions dealing with discrimination ought not to shorten the four-month period of time to appeal provided by CPLR 217, but that is an issue for those who write statutes and not the courts. This also raises the issue of whether the Commission has the inherent power to create a shorter 30-day time period in which to challenge a decision of the Commission in the New York State Supreme Court, when the New York State Legislature in CPLR 217 grants a four-month period in which to appeal decisions of other commissions and agencies within the state.
The legislative history of the Commission becomes pertinent in answering this issue. “The Constitution of the State, the *832 [Municipal] Home Rule Law and the New York City Charter have conferred upon the City Council broad legislative power to provide by local law for the preservation and promotion of the health, safety and general welfare of its inhabitants.”[5] Therefore, under the grant of the police power, the city has authority to enact laws prohibiting discrimination. Judicial review of a determination of the Commission is provided for in title 8 of the Administrative Code.[6] The Administrative Code provides that “[a] proceeding . . . must be instituted within thirty days after the service of the order of the commission.”[7] Hence, appeals of determinations of the Commission are provided a significantly shorter time period than commencing an article 78 proceeding, which allows a four-month time period.[8] The Commission would be more informative if, in addition to advising litigants about the 30 days in which to commence a proceeding in the Supreme Court, they advised litigants that they must also name and serve the Commission as a necessary respondent. Most pro se litigants and some attorneys may not realize that appealing a commission’s determination makes that adjudicative body a respondent in any subsequent court proceeding.
It is interesting to note that within the City of New York the jurisdiction of the Commission is concurrent with that of the State Division of Human Rights.[9] Therefore, the petitioner had an alternative forum where there is a 60-day period in which to seek judicial review of a final determination of the State Commission.[10] While the State Division’s 60-day statute of limitations is greater than the New York City Commission’s 30-day period, it demonstrates clearly that there are recognizable periods less than the four months stated in CPLR 217. Professor Siegel notes in his treatise that judicial review of a village board of appeals in a zoning matter only gets 30 days from the date the decision is filed with the clerk.[11] Hence, a 30-day period in which to appeal an agency determination is not abhorrent to New York State law. Yet, both the Village Law and the Execu *833 tive Law are laws enacted by the New York State Legislature and not the New York City Council or such other municipality.[12]
The New York City “home rule” legislation is the rationale for allowing the New York City Council the right to create their own procedures in handling human rights violations.[13] Therefore, by implication, the authority of the New York City Council to establish a review and appeal mechanism includes setting the time by which appeals of adverse decisions and orders of the Commission may be taken.
Unfortunately, this court does not have the inherent power, even in the interest of justice, as the petitioner suggests, to extend a statute of limitations.[14] Since the Commission was not named or served within the 30-day statute of limitations, the petition must be dismissed.[15] Accordingly, the motion seeking judicial review of the Commission determination must be denied and this special proceeding must be dismissed.
Notwithstanding the petitioner’s statute of limitations bar from bringing this proceeding against the Commission, this court has reviewed the facts and circumstances surrounding the request for judicial review. Judicial review of administrative determinations made by the Commission are based upon whether the order or decision was supported by sufficient evidence.[16]
This court may not substitute its judgment for that of the Commission and it must confirm the determination so long as it is based on substantial evidence.[17] The Commission has broad discretion in determining the method to be employed in investigating a claim, and its determination will not be overturned unless the record demonstrates that its investigation was abbreviated or one sided.[18] Here, there is no evidence to support a claim that the investigation was abbreviated or one sided. It is apparent that the Commission utilized an open pro *834 cess that required input from both the complainant and respondents. This is evidenced by the scheduling order issued by the Chair of the Commission once the petitioner’s appeal was filed. Moreover, in order to fully investigate the allegations of discriminatory and retaliatory termination, the Commission undertook its own impartial and independent investigation of the incidents beyond the date it was bound to do so by the statutes of limitations set forth in Administrative Code § 8-123 (h) and § 8-109 (e).
While a court may have viewed the facts differently, this court is bound by the standards of judicial review of whether the order was supported by sufficient evidence. Here, this court finds that there is no evidence warranting a judicial determination overriding the Commission’s decision. While Ms. Okoumou is bright and articulate, this court must uphold the initial decision of the Commission finding “no probable cause” regarding the claim of wrongful and retaliatory termination and the appeal to the Chair of the Commission that affirmed that decision.
Accordingly, it is hereby ordered that the petitioner’s order to show cause seeking to reverse the determination and order after investigation by the Chair of the Commission and the underlying decision of the Commission is denied and this proceeding is dismissed.

. See NY Const, art IX, § 2; Municipal Home Rule Law § 10.

. Administrative Code of City of NY § 8-109.

. Siegel, NY Prac § 566, at 976 (4th ed).

. Matter of United African Movement v New York City Commission on Human Rights, NYU, Mar. 9, 1999, at 27, col 1; see also New York City Health & Hasps. Corp. v McBarnette, 84 NY2d 194 (1994).

. City of New York v Claflington, Inc., 40 Misc 2d 547 (Sup Ct 1963) (citations omitted), quoting People v Lewis, 295 NY 42, 49 (1945).

. Matter of Maloff v City Commn. on Human Rights, 45 AD2d 834 (1st Dept 1974).

. Administrative Code § 8-123 (h) (emphasis added).

. de la Concha v Gatling, 13 AD3d 74 (1st Dept 2004).

. General Municipal Law § 239-s.

. Executive Law § 298.

. Village Law § 7-712-c.

. See NY Const, art IX, § 2; Municipal Home Rule Law § 10.

. Administrative Code, tit 8.

. Dioguardi v Glassey, 5 AD3d 430 (2d Dept 2004).

. Matter of Jeanty v New York State Dept. of Correctional Servs., 36 AD3d 811 (2d Dept 2007); Matter of Solid Waste Servs., Inc. v New York City Dept. of Envtl. Protection, 29 AD3d 318 (1st Dept 2006).

. Matter of State Div. of Human Rights v 1368 E. 94th St. Corp., 293 AD2d 752 (2d Dept 2002).

. Matter of New Venture Gear, Inc. v New York State Div. of Human Rights, 41 AD3d 1265 (4th Dept 2007).

. Matter of Pascual v New York State Div. of Human Rights, 37 AD3d 215 (1st Dept 2007).