■ In the Matter of PATRICIA GILL, Appellant, v MERCY COLLEGE et al., Respondents. [27 NYS3d 863]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered February 24, 2015, denying the petition to reverse a determination of respondent City of New York Commission on Human Rights (NYCHR), dated March 27, 2014, which dismissed petitioner's complaint against respondent Mercy College and several of its administrators and employees, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

As the article 78 court found, petitioner failed to exhaust her administrative remedies (*see* CPLR 7801 [1]; *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). NYCHR's Determination and Order after Investigation is a non-final order; petitioner's failure to apply to the Chairperson for review of the dismissal of her complaint within 30 days of service of notice thereof (Administrative Code of City of NY § 8-113 [f]) bars her from litigating the dismissal in a court of law (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57; *Koch v New York State Div. of Human Rights*, 84 AD2d 520 [1st Dept 1981], *affd* 55 NY2d 864 [1982]). Moreover, judicial review would in any event be time-barred, because this proceeding was brought more than 30 days after service of the determination (*see* Administrative Code § 8-123 [h]). Petitioner's ignorance of the statute of limitations does not excuse her untimeliness (*see generally Harris v City of New York*, 297 AD2d 473 [1st Dept 2002], *lv denied* 99 NY2d 503 [2002]; *see Matter of Okoumou v Community Agency for Senior Citizens, Inc.*, 17 Misc 3d 827, 833 [Sup Ct, Richmond County 2007]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Richter, Gische and Gesmer, JJ.